**In re Robert Arvid NYGARD and Virginia Beatrice Nygard, dba Reliable Plumbing, Debtors.**

No. 285–01999–D–7.

United States Bankruptcy Court, E.D. California.

Dec. 10, 1985.

Dennis K. Cowan by Mark W. Briden, Redding, Cal., for debtors.

Fitzpatrick & Haskins by Daniel R. Haskins, Redding, Cal., for trustee.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### FACTS

The debtors, Robert A. and Virginia B. Nygard, dba Reliable Plumbing, filed a joint chapter 7 petition on May 24, 1985. On June 5, 1985, the court appointed William Conway as the chapter 7 trustee. The debtors' amended Schedule B–4 claims that their interest in the following property and amounts is exempt pursuant to California Civil Procedure Code Section 703.140(b):

| | | |
|---|---|---|
| Furniture/Appliances | CCP Sec. 703.140(b)3, 5 | $ 2,500.00 |
| Wearing Apparel | CCP Sec. 703.140(b)3 | 200.00 |
| Jewelry | CCP Sec. 703.140(b)4 | 500.00 |
| 1978 El Camino | CCP Sec. 703.140(b)2, 5 | 3,000.00 |
| Residence | CCP Sec. 703.140(b)1 | 6,000.00 |
| 1964 Ford p.u. | CCP Sec. 703.140(b)2 | 800.00 |
| Interest in Estate | CCP Sec. 703.140(b)5 | 8,000.00 |
| Tools of trade | CCP Sec. 703.140(b)6 | 1,500.00 |

The trustee filed an objection to property claimed as exempt on September 27, 1985. The trustee argues that California Civil Procedure Code Sections 703.140(b)(1), (b)(2), and (b)(5) allow the debtors to exempt a total of $9,100 of their interest in a residence, a probate estate, a 1978 Chevrolet El Camino, and a 1964 Ford pickup truck. The trustee contends that the debtors' attempt to exempt $17,800 of their interest in this property is in excess of the available exemption amount.

The debtors argue in opposition that when a joint petition is filed the exemptions provided in California Civil Procedure Code Section 703.140(b) apply separately with respect to each debtor. A copy of that statute is attached hereto as Appendix A. The debtors contend, therefore, that they are entitled to exempt up to $18,200 of their interest in the property described above.

### DISCUSSION

The issue before the court is whether or not the exemptions provided in California Civil Procedure Code Section 703.140(b) apply separately to each debtor in a joint case.

11 U.S.C. Section 522(b)(1) allows a debtor to exempt from property of the estate the property listed in 11 U.S.C. Section 522(d) unless state law prohibits a debtor from selecting those exemptions. California is one of the states which has enacted legislation prohibiting its residents who file bankruptcy petitions from using the federal exemptions.

California Civil Procedure Code Section 703.130 states,

Pursuant to the authority of paragraph (1) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state. (Added by Stats 1984, c. 218, p. ——, Sec. 1.5.)

California Civil Procedure Code Section 703.140(a) provides that California residents who file bankruptcy petitions may elect the exemptions found primarily at California Civil Procedure Code Section 704.010, et seq., or the exemptions listed in Section 703.140(b). The exemptions found at Section 703.140(b) are essentially the federal exemptions which existed prior to enactment of The Bankruptcy Amendments and Federal Judgeship Act of 1984.

California Civil Procedure Code Section 703.140(a) states,

(a) If a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter other than the provisions of subdivision (b) of this section shall be applicable, but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter, as follows:

(1) If a husband and wife are joined in the petition, they jointly may elect to utilize the applicable exemption provisions of this chapter other than the provisions of subdivision (b), or to utilize the

applicable exemptions set forth in subdivision (b), but not both.

(2) If the petition is filed individually, and not jointly, for a husband or a wife, the exemptions provided by this chapter other than the provisions of subdivision (b) are applicable, except that, if both the husband and the wife effectively waive in writing the right to claim, during the period the case commenced by filing the petition is pending, the exemptions provided by the applicable exemption provisions of this chapter, other than subdivision (b), in any case commenced by filing a petition for either of them under Title 11 of the United States Code, then they may elect to instead utilize the applicable exemptions set forth in subdivision (b).

(3) If the petition is filed for an unmarried person, that person may elect to utilize the applicable exemption provisions of this chapter other than subdivision (b), or to utilize the applicable exemptions set forth in subdivision (b), but not both.

■ If California had not opted out of the federal exemption scheme it is clear that each debtor in the present case could have applied separately the exemptions found at 11 U.S.C. Section 522(d).

11 U.S.C. Section 522(m) states,

(m) Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.

However, the Ninth Circuit has recently held that a state which opts out and provides its own exemptions is not bound by 11 U.S.C. Section 522(m). *In re Granger,* 754 F.2d 1490, 1492 (9th Cir.1985). Instead, states are free to both create and limit exemptions for their residents. 754 F.2d at 1490.

The debtors argue that the California Legislature must have intended that the Section 703.140(b) exemptions apply separately to each debtor in a joint case. As evidence of this intent the debtors point to the language in California Civil Procedure Code Section 703.140(a). The debtors also argue that since a married debtor filing a separate, individual bankruptcy petition can elect the California Civil Procedure Code Section 703.140(b) exemptions, if the trustee's objection is sustained married persons will be forced to file individual bankruptcy petitions so that both spouses can claim the California Civil Procedure Code Section 703.140(b) exemptions. The debtors continue that the filing of two individual bankruptcy petitions by a married couple instead of one joint petition will benefit only bankruptcy attorneys.

The court has reviewed carefully the language of California Civil Procedure Code Section 703.140(a) and finds that, unlike 11 U.S.C. Section 522(m), it does not clearly indicate that debtors who file joint petitions are *each* entitled to claim the Section 703.140(b) exemptions. California Civil Procedure Code Section 703.140(a)(1) indicates that debtors who file joint petitions must both elect the Section 703.140(b) exemptions or the other state exemptions, but not both.

■ Contrary to the debtors' position, California Civil Procedure Code Section 703.110 states in pertinent part,

[i]f the judgment debtor is married:

(a) The exemptions provided by this chapter or any other statute apply to all property that is subject to.... Where the property exempt under a particular exemption is limited to a specified maximum dollar amount, unless the exemption provisions specifically provides otherwise, *the two spouses together are entitled to one exemption limited to the specified maximum dollar amount,* whether one or both of the spouses are judgment debtors under the judgment and whether the property sought to be applied to the satisfaction of the judgment is separate or community. (Emphasis added.)

This section indicates to the court that the California Legislature intended that as to exemptions having a maximum dollar amount both debtor spouses together in a joint petition are entitled to one exemption, either of the Section 703.140(b) exemptions

or the other state exemptions. This section also means that married persons who file individual petitions will be entitled to only one such exemption between them. The court does not anticipate the increased filing of individual petitions by married persons as predicted by the debtors inasmuch as the exemptions allowable would be no different than if they filed jointly.

The court will sustain the trustee's objection to the debtors' claimed exemptions on the grounds that the debtors are entitled to only one set of exemptions under California Civil Procedure Code Section 703.140(b).

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for the trustee is requested to prepare an Order consistent with this opinion.

IT IS SO ORDERED.

## APPENDIX A

2. Cal.Civ.Proc.Code § 703.140(b) states,

(b) The following exemptions may be elected as provided in subdivision (a):

(1) The debtor's aggregate interest, not to exceed seven thousand five hundred dollars ($7,500) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed one thousand two hundred dollars ($1,200) in value, in one motor vehicle.

(3) The debtor's interest, not to exceed two hundred dollars ($200) in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(4) The debtor's aggregate interest, not to exceed five hundred dollars ($500) in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(5) The debtor's aggregate interest, not to exceed in value four hundred dollars ($400) plus any unused amount of the exemption provided under paragraph (1), in any property.

(6) The debtor's aggregate interest, not to exceed seven hundred fifty dollars ($750) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

(7) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

(8) The debtor's aggregate interest, not to exceed in value four thousand dollars ($4,000) in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

(9) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(10) The debtor's right to receive any of the following:

(A) A social security benefit, unemployment compensation, or a local public assistance benefit.

(B) A veterans' benefit.

(C) A disability, illness, or unemployment benefit.

(D) Alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(E) A payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless all of the following apply:

(i) That plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under the plan or contract arose.

(ii) The payment is on account of age or length of service.

(iii) That plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954.

(11) The debtor's right to receive, or property that is traceable to, any of the following:

(A) An award under a crime victim's reparation law.

(B) A payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(C) A payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(D) A payment, not to exceed seven thousand five hundred dollars ($7,500), on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.

(E) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(Added by Stats.1984, c. 218, p. ——, § 2.)