**In re Michael TALMADGE and Gail Talmadge, Debtors.**

**Bankruptcy No. 1–85–00372.**

United States Bankruptcy Court, N.D. California.

Dec. 13, 1985.

Philip M. Arnot, Eureka, Cal., for Charles Duck, trustee.

Myles R. Dresslove, Santa Rosa, Cal., for debtors.

## FINDINGS AND JUDGMENT DECLARING THE DEBTORS RIGHT TO THEIR CLAIM OF EXEMPTIONS

CONLEY S. BROWN, Bankruptcy Judge.

### FINDINGS OF FACT

THE MOTION OF CHARLES DUCK, Trustee of the above referenced Debtors' estate, objecting to the Debtors claim of exemptions came on regularly for hearing before this Court on October 23, 1985.

Movant appeared through counsel, PHILIP M. ARNOT. The Debtors appeared through counsel, MYLES R. DRESSLOVE.

The Court having duly considered the papers and pleadings on file herein, the arguments of counsel and being fully advised therein, the Court finds and concludes as follows:

1. The Debtors filed a voluntary petition for relief in bankruptcy on April 1, 1985, pursuant to Chapter 7 of Title 11, of the United States Code.

2. The Debtors in so doing timely filed their elected schedule of exemptions. However, due to a clerical oversight the Debtors filed an amended B–4 exemption schedule with the Court on July 24, 1985.

3. Thereafter, CHARLES DUCK, Trustee of the above referenced Debtors' estate, through his counsel, PHILIP M. AR-

NOT, filed a timely objection to the Debtors' amended claim of exemptions. Said objection was based upon the allegation that the Debtors had exhausted the dollar amount of exemptions available to them as explicated in Section 703.140(b)(5) of the California Code of Civil Procedure. Further, the Trustee, through his counsel, argued that Section 703.110 of the California Code of Civil Procedure further qualified and limited the dollar amount of exemptions applicable to marital property.

4. The Debtors filed a statement and memorandum of points and authorities in opposition to the Trustee's motion objecting to the Debtors amended claim of exemptions.

5. This matter was heard upon said pleadings and oral argument of counsel before the Court on October 23, 1985.

## CONCLUSIONS OF LAW

6. As a result of the pleadings submitted to the Court and after argument by counsel the Court concludes as follows:

a) That certain and selected sub-sections, hereinafter described, of Section 703 of Chapter 4 of Article 1 of the Code of Civil Procedure as related to exemptions have failed to meet constitutional standards and therefore must fail for want of constitutionality.

b) The provision in Section 703.140(a)(1) which states, if a husband and wife are joined in the petition they *jointly may elect* is vague and ambiguous in that the same does not specifically detail whether a husband and wife must elect to use the exemption as a single unit or whether the husband and wife may each individually elect to use the same as a marital unit.

■ c) That Section 703.140(b)(5) of the Code of Civil Procedure provides for each respective spouse in a joint petition to effectively utilize said section due to the same incorporating the term *Debtor's* in the singular possessive contra to the limitation as expressed in Section 703.110 of the Code of Civil Procedure which unconstitutionally limits spouses to a maximum speci-

fied dollar amount as related to exemptions of marital property.

d) That if the State of California were to clearly restrict the application of Section 703.140(b)(5) as applied to spouses and their respective marital property the same would have been qualified in the posture of the plural possessive or *Debtors'*.

e) The application of the statutory language of Section 703.140(b)(5) of the Code of Civil Procedure according to its plain meaning will produce a result whereby each spouse relative to a joint petition shall be able to elect and otherwise use the applicable exemptions available under Section 703.140(b)(5) of the Code of Civil Procedure.

■ f) That due to the inconsistent character and application of Sections 703.110 and 703.140(b)(5) of the Code of Civil Procedure the same is ambiguous and therefore unconstitutional. Here Section 703.110 of the Code of Civil Procedure limits the use of exemptions in a joint petition as applied to marital property to a specific maximum dollar amount. To the contra, Section 703.-140(b)(5) does not employ such a limitation to marital property. That the two statutes are contradistinct and otherwise irreconcilable.

g) That where there are ambiguities in the state law such ambiguities are to be resolved in favor of the Debtors.

h) Pursuant to Section 1859 of the Code of Civil Procedure when a general and a particular statutory provision are inconsistent the latter is paramount to the former.

i) That Section 703.140(b)(5) of the Code of Civil Procedure shall apply in separate and distinct order to each debtor in a joint petition due to the fact that Section 703.-140(b)(5) is not only inconsistent with Section 703.110 of the Code of Civil Procedure but, is a specific provision relating to the particular subject involved and therefore controls over Section 703.110 of the Code of Civil Procedure which is a general statute within the same chapter.

**652**

j) That the inconsistent character of Chapter 4, Article 1 of Section 703 of the Code of Civil Procedure does not effect adequate notice and is void for vagueness as the same violates the Debtors right to substantive due process pursuant to the 14th Amendment of the United States Constitution.

k) That Section 703.110 of the Code of Civil Procedure is unconstitutional on its face in that the same is violative of the Equal Protection Clause of the 14th Amendment to the United States Constitution. The same arbitrarily discriminates against married couples.

1) That the state legislature of and for the State of California did not expressly preclude the operation or authority of subsection (m) of Section 522 of Title 11 of the United States Code which subsection provides the authority for each Debtor to separately apply the exemption scheme as provided for in Section 522(b)(2) A of Title 11 of the United States Code.

m) That Congress permitted the states to pass legislation in the manner of adopting laws which do not authorize Debtors domiciled within their borders to avail themselves of the provisions of Section 522(d)(1)–(11) of Title 11 of the United States Code. Congress did not permit the states to enact any legislation as to any other provisions of the Bankruptcy Code. In this regard, Chapter 4, Article 1 of Section 703 of the Code of Civil Procedure and more particularly Section 703.110 of the Code of Civil Procedure is unconstitutional in that the same reflects state legislation which clearly exceeds the rights granted by Congress to each of the states relative to restricting the application of the Bankruptcy Code.

n) Where the state residential exemption law is in conflict with the right granted by Congress to each spouse, then state law must give way to the Federal Bankruptcy Code pursuant to the authority expressed in Article VI of the United States Constitution.

 GOOD CAUSE APPEARING, it is ordered that the Debtors herein have not exhausted the available dollar limit under Section 703.140(b)(5) of the Code of Civil Procedure as related to their schedule B–4 claim of exemptions.

IT IS FURTHER ORDERED that the Trustee's motion objecting to the Debtors' claim of exemptions be denied.