**In re Michael G. TALMADGE and Gail L. Talmadge, Debtors.**

Civ. No. C–86–0954–SW.

Bankruptcy No. 1–85–00372.

United States District Court.
N.D. California.

Sept. 22, 1986.

Myles R. Dresslove, Santa Rosa, Cal., for debtors/appellees.

Philip M. Arnot, Eureka, Cal., for appellant.

ORDER AND MEMORANDUM OF LAW VACATING BANKRUPTCY COURT ORDER AND REMANDING WITH INSTRUCTIONS

SPENCER WILLIAMS, District Judge.

This matter is before the court on the appeal of Charles Duck, the appointed Trustee of the estate of the debtors herein. Trustee appeals from an order of the bankruptcy court finding certain sections of the California Code of Civil Procedure unconstitutional as applied to debtors.

Debtors' basic argument is that Cal.C. Civ.P. § 703.110 violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution, in that it treats married and unmarried debtors differently with respect to the amount of exemptions that may be claimed by debtors. Specifically, debtors object to the limitation of married spouses' exemptions to a specific dollar amount, whereas unmarried couples are able to claim as exempt twice the amount of an individual's exemption (i.e., one exemption for each of the individuals who comprise the unmarried couple).

Where, as here, there is no suspect classification such as race or alienage at issue, the standard to be applied in determining whether a particular classification passes muster under the Equal Protection Clause is the "rational basis" test. "If the classification has some 'reasonable basis,' it does

not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'.... 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.'" *Railroad Retirement Board v. Fritz,* 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980) (citations omitted).

In the instant case, the California legislature apparently found married couples to be less in need of certain exemptions than unmarried couples. Whether this judgment arises from the fact that marriage creates a community estate (which is not the case for unmarried couples), or that the formality of a marriage increases the certainty that a couple will remain together, the court can readily perceive a rational basis for the line drawn by the legislature. It may not perfectly address differences between married couples and unmarried couples with varying degrees of commitment to each other; however, the rational basis standard requires only that the legislature's distinction be a reasonable one. Based on California's statutory structure and its apparent intent, the court cannot say that California's scheme of exemptions denies married persons the equal protection of the laws.

In accordance with the above reasoning, and finding debtors' other arguments to be unpersuasive, it is hereby ordered that the bankruptcy court order, 55 B.R. 649, which is appealed from is VACATED, and that this case shall be REMANDED to the bankruptcy court for entry of an order sustaining the Trustee's objections to the debtors' claim of exemptions.