**In re Forrest Dewitt BALDWIN, and Cheri Adrienne Baldwin, Debtors.**

**Forrest Dewitt BALDWIN and Cheri Adrienne Baldwin, Appellants,**

v.

**Richard MARSHACK, Chapter 7 Trustee and U.S. Trustee, Appellee.**

BAP No. CC–85–1498–MeVMo.

Bankruptcy No. SA–85–02518 PE.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted April 16, 1986.

Resubmitted Oct. 3, 1986.*

Decided Jan. 8, 1987.

---

* This appeal was resubmitted when Bankruptcy Judge Mooreman was assigned to this appeal subsequent to Bankruptcy Judge Abrahams leaving the Panel.

David R. Kaplan, Jacoby & Meyers Law Offices, Los Angeles, Cal., for appellants.

Richard A. Marshach, Garber & Marshack, Santa Ana, Cal., for appellee.

Before MEYERS, VOLINN and MOOREMAN, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

This appeal raises a question of interpretation on which the courts are divided. California has exercised its prerogative under Section 522(b)(1) of the Bankruptcy Code ("Code") to opt out of the exemption

scheme federal law provides debtors. Instead, California has enacted its own statutory scheme of exemptions. Cal.Civ.Proc. Code §§ 703.110 and 703.140. The trial court held that under this law a married couple who file jointly are limited to a single set of exemptions. The trial court's position is identical to that taken by the court in *In re Nygard,* 55 B.R. 623, 626 (E.Cal.1985).[1] The Debtors, Forrest Dewitt Baldwin and Cheri Adrienne Baldwin, contend that when a joint bankruptcy petition is filed, California exemptions apply separately to each spouse. This position is supported by the Court in *In re Talmadge,* 55 B.R. 649, 652 (N.Cal.1985), which also declared any other interpretation of Cal.Civ. Proc.Code §§ 703.110 and 703.140 to be unconstitutional. We AFFIRM.

## I

### FACTS

The Debtors filed a joint petition under Chapter 7 on July 2, 1985 and filed a Schedule of Liabilities and Assets. In their Schedule of Exempt Property, the Debtors seek to exempt property worth at least $17,148. To reach this result, each Debtor claims a separate set of exemptions pursuant to the three relevant subsections: Cal. Civ.Proc.Code §§ 703.140(b)(1), 703.-140(b)(2) and 703.140(b)(5).

Richard Marshack, the Chapter 7 Trustee, objected to these exemptions. The Trustee contends that the Debtors, as a marital unit, are entitled to only one exemption under each subsection of Cal.Civ. Proc.Code § 703.140. Under this interpretation, the Debtors would be entitled to a total exemption of only $9,100, not the $17,-148 that they claim. The Trustee rests his argument on the wording of Cal.Civ.Proc. Code § 703.110, which limits debtors to one

1. An appeal has also been taken in the *Nygard* case to BAP.

2. The California Constitution, in order to promote economic security, mandates that the state legislature provide exempt property to protect debtors from the consequences of economic misfortune. Cal.Constitution, Art 20, Sec. 1.5; *See Schoenfeld v. Norberg,* 267 Cal.App.2d 496,

set of exemptions per marital unit unless an exemption provision should specifically provide otherwise. The trial court adopted this interpretation as did the *Nygard* court.

The Debtors contend that the legislative history of section 703.140 demonstrates that the California legislature did not express any intention to limit exemptions for married debtors. Further, the Debtors contend that the use of the singular form of the word "debtor" indicates that the California legislature intended each debtor to be able to select a full set of exemptions. Finally, the Debtors claim that Cal.Civ. Proc.Code §§ 703.140 and 703.110 are unconstitutional.

## II

### DISCUSSION

#### A. *Statutory Construction*

This Panel holds that joint debtors are entitled to claim only one set of the exemptions available under Cal.Civil.Proc.Code § 703.140.

Prior to 1984, California debtors who filed jointly each had the right to claim a separate set of exemptions. *In re Dahdah,* 20 B.R. 665, 666 (9th Cir.BAP 1982). Given the absence of state law prohibiting the election of the federal exemptions under Code Section 522(d), the policies of liberal construction and of granting a fresh start for debtors, required that each joint debtor be allowed to elect either federal or state exemptions pursuant to Section 522(m).[2]

The Ninth Circuit Court of Appeals has held that in opting out of the federal exemption scheme, a state is not bound by subsection (m) to provide its exemptions separately to joint debtors. *In re Granger,* 754 F.2d 1490, 1492 (9th Cir.1985). *Accord, First National Bank of Mobile v.*

498, 72 Cal.Rptr. 924 (1968). However, this section of the California Constitution is not self-executing. *San Diego County Carpenters Group Ins. v. Lorea,* 112 Cal.App.3d 221, 225, 169 Cal. Rptr. 157 (1980). The legislature is given discretion on how to implement Art. 20 of the California Constitution. *Id.*

*Norris,* 701 F.2d 902, 905 (11th Cir.1983); *Matter of Sullivan,* 680 F.2d 1131, 1136 (7th Cir.1982). *Contra, Cheeseman v. Nachman,* 656 F.2d 60, 64 (4th Cir.1981); *In re Talmadge, supra,* 55 B.R. at 652. Therefore, neither state nor federal law prevents California from limiting its exemptions to a marital unit instead of providing exemptions separately to each joint debtor.

The crux of the case is whether California, in opting out of the federal exemptions pursuant to Section 522(b)(1), has in fact limited each marital unit to a single set of exemptions. In interpreting a statute's meaning, there are two different sets of aids to statutory construction: extrinsic aids, e.g., the legislative history and the historical background of the bill's passage; and intrinsic aids, i.e., the literal meaning of the words and the canons of statutory construction. Singer, *Sutherland Statutory Construction,* §§ 47.01 and 48.01 (4th Ed. 1984).

A comprehensive study of the legislative history of the California exemption statute, Cal.Civ.Proc.Code § 703.140 as well as its companion statute, Cal.Civ.Proc.Code § 703.130, reveals that the *legislature's sole expressed purpose was to prevent the stacking of federal and state exemptions.*[3] *See* Calif. Legislature Senate Comm. on Judiciary, Selected Bill Analysis, vol. 3, p.2. The Senate Report stated that the exemption statute created a new set of exemptions, identical to the federal exemptions. However, the legislative history is silent as to whether joint debtors are allowed a single marital unit exemption or whether each debtor is separately entitled to a full set of exemptions. Therefore, the legislative history does not resolve this question.

■ Contrary to the assertions of the Debtors, the fact that the California legislature expressed no relevant intent in enacting section 703.140 does not necessarily leave the prior law unchanged. There is no judicially enforceable requirement of procedural due process that a legislature must explain the reasons for or the meaning of a bill before it legislates. *Maine v. Thiboutot,* 448 U.S. 1, 8, 100 S.Ct. 2502, 2506, 65 L.Ed.2d 555 (1980). Even where it is contended that a statute violates the equal protection or due process claims of the Constitution, as this statute has been found to do by the *Talmadge* court, the United States Supreme Court has indicated that a statute must be upheld if any state of facts reasonably may be conceived to justify it. *Flemming v. Nestor,* 363 U.S. 603, 612, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

■ The next stage in our inquiry is to use the intrinsic aids for statutory construction. Under California law a statute should be construed to give effect and meaning, if possible, to every clause and word in it. Cal.Civ.Proc.Code § 1858; *In re Borba,* 736 F.2d 1317, 1320 (9th Cir. 1984). A court cannot omit or add to the plain meaning of the statute. 736 F.2d at 1320. In applying this plain meaning rule, it must be assumed that the legislature knew what it was saying and meant what it said. *People v. Rodriquez,* 222 Cal.App.2d 221, 227, 34 Cal.Rptr. 907 (1963).

In enacting Cal.Civ.Proc.Code § 703.130, California effectively opted out of the federal exemption scheme. Simultaneously, the California legislature enacted Cal.Civ. Proc.Code § 703.140. This section allows debtors to choose either the exemptions that state law already provided for judgment debtors or to choose the exemptions contained therein. This section is modelled upon the federal exemptions that it replaced. There is, however, one very significant difference: The California exemption statute does not contain any equivalent to

---

3. Stacking was the procedure whereby one joint debtor would choose the federal exemptions and stack these exemptions upon the state exemptions chosen by the other joint debtor. The first two statutes enacted by the California legislature in an attempt to neutralize stacking were found to be unconstitutional as a violation of the Supremacy Clause of the United States Constitution. *In re Stacey,* 24 B.R. 97, 99 (S.Cal. 1982); *In re Garrido,* 43 B.R. 289, 293 (S.Cal. 1984).

Section 522(m), which allows each joint debtor a separate set of exemptions.

By its terms, Section 703.140 does not specifically state whether a marital unit is limited to a single set of exemptions. The Trustee contends that this dilemma is solved by Cal.Civ.Proc.Code § 703.110. This section limits judgment debtors to one exemption per marital unit unless the exemption provision specifically provides otherwise. The Trustee contends that Section 703.110 modifies Section 703.140 and limits the exemptions available to a married couple. Both the trial court and the *Nygard* court accepted this contention.

We agree, but first we must note that there is a conflict between Cal.Civ.Proc. Code §§ 703.110 and 703.140. The exemption provision of California law dealing with bankruptcy uses the term "debtor." Cal.Civ.Proc.Code § 703.140. Section 703.-110 is limited by its own terms to "judgment debtors." The term "judgment debtor" is defined as the person against whom a judgment is rendered. Cal.Civ.Proc.Code § 680.250.

The meaning of "debtor" is not defined under California law. Since Cal.Civ.Proc. Code § 703.140 is modelled upon the Code, it should be presumed that the California legislature intended the term "debtor" to retain the meaning it had under the Code. The term "debtor" is defined under the Code as a person concerning which a bankruptcy case has been commenced. Section 101(12). A "debtor" can include the singular as well as the plural. Section 102(7). Thus, the contention of the Debtors that the use of the singular form of the word "debtor", in and of itself, entitled them to two sets of exemptions is erroneous. *Contra, In re Talmadge, supra,* 55 B.R. at 651.

In resolving this conflict between these definitional sections, we are not without guidelines. As the District of Columbia Circuit Court of Appeals stated:

It is not for the members of this or any other court to redraft statutes to render them more grammatically correct or more to our personal predilection; it is, however, unequivocally our mission to

take arguably contradictory statutory passages and to reconcile them.... In reaching this result, we are guided as well by the cardinal canon of statutory construction that dictates that provisions should, whenever possible, be construed to achieve consistency.

*Atwell v. Merit Systems Protection Bd.,* 670 F.2d 272, 286 (D.C.Cir.1981). *See In re Kaveney,* 60 B.R. 34, 36 (9th Cir. BAP 1985).

While the terms "debtor" and "judgment debtor" are not the same, it is the duty of this Panel to construe them to achieve a harmonious result. *United States v. Stauffer Chemical Co.,* 684 F.2d 1174, 1184 (6th Cir.1982); *aff'd,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984). Prior to the enactment of Cal.Civ.Proc.Code § 703.-140, California debtors had a choice between the exemptions provided by California or federal law. Under the California exemptions, it is unquestioned that each marital unit was limited to a single set of exemptions. Cal.Code.Civ.Proc. § 703.110. The ability of each married debtor to select a separate set of exemptions was found only in Section 522(m). It is not inherent in the other provisions of Section 522 that were enacted into California law. Drafters are presumed to be familiar with the provisions of related statutes when they act. Where the California legislature omits a particular provision in a related enactment, such a deliberate omission may not be ignored by a court. *Kaiser Steel Corp. v. County of Solano,* 90 Cal.App.3d 662, 667, 153 Cal.Rptr. 546 (1979).

Reinforcing this conclusion is the fact that Section 703.110 forms part of a comprehensive and interlocking statutory scheme, the Execution of Judgment Act. Section 703.140, which determines the new California exemptions, was intended to fit into this scheme creating two sets of state law exemptions. Under the original state law exemption scheme, each couple is limited to a single set of exemptions. The deliberate omission of Section 522(m) indicates that the California legislature wished to place married couples in the same posi-

tion, regardless of what set of state law exemptions they choose.

### B. *Constitutionality*

■ The Debtors raise the issue that Section 703.110 is unconstitutional for the first time on appeal, in their reply brief. Raising issues for the first time in the reply brief is disfavored because the trustee's only opportunity to respond is at oral argument. *See MortgageAmerica Corp. v. Bache Halsey Stuart Shields*, 789 F.2d 1146, 1149 (5th Cir.1986). However, an issue may be raised for the first time on appeal, even in a reply brief, where it does not go beyond the record. *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985).

■ Whether to allow this issue to be raised for the first time on appeal is a question for our discretion. *Diamond National Corporation v. Lee*, 333 F.2d 517, 528 (9th Cir.1964). Given the seriousness of this issue and noting that the decision by the *Talmadge* court, holding this statute as unconstitutional was not published until after the Debtors' opening brief was filed, we will address this issue.

Having determined that this question was properly raised, this Panel finds that this statute passes constitutional muster as a proper exercise of state power.

■ The Debtors have relied almost exclusively upon the position of the *Talmadge* court for a two-fold argument that Cal.Civ.Proc.Code § 703.110 is unconstitutional. First, they contend that the statute is inconsistent, vague and ambiguous. *In re Talmadge, supra*, 55 B.R. at 651. They argue, it is void for vagueness by violating the Debtors' Fourteenth Amendment rights to due process by failing to provide notice to married couples before they institute bankruptcy proceedings that they will be limited to a single set of exemptions. Given our analysis of this statute above, this Panel has found that Cal.Civ.Proc.Code § 703.110 is not ambiguous. It clearly limits each married couple to a single set of exemptions. Thus, as a matter of law, we cannot find this statute to be void for vagueness.

Second, the the Debtors contend that Section 703.110 violated the equal protection clause of the Fourteenth Amendment by arbitrary discrimination against married couples. *In re Talmadge, supra*, 55 B.R. at 652. This question of equal protection is most serious since the California statute clearly discriminates against married couples.

■ The constitutionality of a statute, absent any claim of suspect classification or fundamental right, is judged by the rationality test—is the means used rationally related to any legitimate purpose. *Barry v. Barchi*, 443 U.S. 55, 67, 99 S.Ct. 2642, 2650, 61 L.Ed.2d 365 (1979); *Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220 (1985). Marriage is a fundamental right. *Loving v. Virginia*, 388 U.S. 1, 12, 87 S.Ct. 1817, 1823, 18 L.Ed.2d 1010 (1967). However, this does not mean that every state regulation which relates in any way to the incidents of or prerequisites for marriage must be subjected to rigorous scrutiny. *Zablocki v. Redhail*, 434 U.S. 374, 386, 98 S.Ct. 673, 681, 54 L.Ed.2d 618 (1978). Reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may be legitimately imposed. 434 U.S. at 386, 98 S.Ct. 681. The Supreme Court has stated that "both tradition and common experience support the conclusion that marriage is an event which normally marks an important change in economic status." *Califano v. Jobst*, 434 U.S. 47, 53, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977). So too does bankruptcy.

■ The Supreme Court has held that bankruptcy is not a fundamental right. *United States. v. Kras*, 409 U.S. 434, 445, 93 S.Ct. 631, 637, 34 L.Ed.2d 626 (1973). The appropriate test for assessing the constitutionality of bankruptcy matters is that of rational justification. 409 U.S. at 446, 93 S.Ct. at 638.

**618**

The rationality test also applies to the use of marital status in acquiring state benefits or detriments. Marital status may be used to trigger termination of social security benefits. *Califano v. Jobst, supra,* 434 U.S. at 53–54, 98 S.Ct. at 99. The "marriage tax" has been upheld under the rationality test. *Druker v. C.I.R.,* 697 F.2d 46, 49–50 (2nd Cir.1982). Under the marriage tax, two wage earner married couples pay a higher rate than they would if they were single. The effect of the marriage tax on marriage is indirect; it does not prevent anyone from getting married. 697 F.2d at 50; *See Developments in Law—The Constitution and the Family,* 93 Harv.L.Rev. 1156, 1255 (1980). Thus, it does not trigger strict scrutiny.

The decision by the California legislature to limit a marital unit to a single set of exemptions is a rational one which passes constitutional muster. The loss of a second set of exemptions worth $7,900 does not inhibit the right to marry any more than does the marriage tax.

Although the Debtors do not specifically raise the argument that Cal.Civ. Proc.Code § 703.110 violates the Supremacy Clause of Article VI of the Constitution, the *Talmadge* court did. However, the Ninth Circuit has held that a state which opts out of the federal exemption scheme is not required by Congress to provide a separate individual exemption to each debtor in a joint case. *In re Granger, supra,* 754 F.2d at 1492. Thus, the Ninth Circuit has held that Section 522(m) does not preempt state opt-out provisions.

For all of the reasons given above, we AFFIRM.