**In re Michael DE LA ROSA, and Martha De La Rosa, Debtors.**

**Bankruptcy No. 86–07500–H7.**

United States Bankruptcy Court, S.D. California.

June 2, 1987.

Robert D. Iafe, Herrmann, Potter & Taylor, San Diego, Cal., for debtors.

Ardelle Williams, San Diego, Cal., Trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Debtors each claimed a $1,200 exemption in two motor vehicles. The Chapter 7 trustee objected contending that under California Code of Civil Procedure ("C.C.P.") § 704.010 the debtors are only entitled to exempt the aggregate equity of $1,200 in all motor vehicles.

This court sustains the trustee's objection.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and 28 U.S.C. § 157(b)(2)(B) and General Order No. 312–C of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### I.

### FACTS

Michael and Martha De La Rosa ("debtors") filed a joint petition under Chapter 7 on November 20, 1986, and filed their Schedule of Liabilities and Assets. In their Schedule of Exempt Property, the debtors claimed $1,200 equity in their 1980 Volvo and $1,200 equity in their 1979 Chevrolet El Camino as exempt pursuant to C.C.P. § 704.010. To reach this result, the debtors assert that since they jointly elected to utilize the general exemption provisions of C.C.P. § 704.010 rather than the California "bankruptcy exemptions" provided by C.C.P. § 703.140, then each debtor is entitled to claim a $1,200 exemption in each vehicle.

### II.

### DISCUSSION

C.C.P. § 704.010 provides in pertinent part:

> *§ 704.010. Motor vehicles; equity and proceeds of sale or insurance*
>
> (a) Any combination of the following is exempt in the amount of one thousand two hundred dollars ($1,200):
>
> (1) The aggregate equity in motor vehicles.
>
> (2) The proceeds of an execution sale of a motor vehicle.
>
> (3) The proceeds of insurance or other indemnification for the loss, damage, or destruction of a motor vehicle.

This case is a case of first impression. There are no California cases interpreting the issue before this court.

In *In re Baldwin*, 70 B.R. 612 (9th Cir. BAP 1987), the Ninth Circuit Bankruptcy Appellate Panel concluded that:

> In enacting Cal.Civ.Proc.Code § 703.130, California effectively opted out of the federal exemption scheme. Simultaneously, the California legislature enacted Cal.Civ.Proc.Code § 703.140. This section allows debtors to choose either the exemptions that state law already provided for judgment debtors or to choose the exemptions contained therein. This section is modelled upon the federal exemptions that it replaced. There is, however, one very significant difference: The California exemption statute does not contain any equivalent to Section 522(m), which allows each joint debtor a separate set of exemptions.

*In re Baldwin, supra* at 615–616.

The Bankruptcy Appellate Panel in *In re Baldwin, supra,* further held that C.C.P. § 703.110, "...[l]imits judgment debtors to one exemption per marital unit unless the exemption provision specifically provides otherwise."

Additionally, of particular import is the California Legislative Committee Comment

following C.C.P. § 703.110. Specifically, the Comment states:

*Legislative Committee Comment—Senate 1983 Amendment*

Section 703.110 is amended to add the third sentence to subdivision (a). This new sentence makes clear how the exemption scheme works with respect to married persons. Some exemption provisions specifically provide for a separate exemption for each spouse or provide for an exemption in a greater amount for a married couple. See, e.g., Sections 704.-030 (materials for repair or improvement of dwelling), 704.060 (personal property used in trade, business, or profession), 704.080 (deposit account in which social security payments are directly deposited), 704.090 (inmate's trust fund), 704.100 (life insurance, endowment, annuity policies). See also Section 704.730(b) (maximum combined homestead exemptions of married couple). Other exemption provisions provide a maximum dollar amount for an exemption applicable to the spouses as a marital unit. *For example, under subdivision (a), the maximum exemption for motor vehicles allowed the marital unit under Section 704.010 is an aggregate equity of $1,200, whether one or both spouses are judgment debtors and whether the vehicle or vehicles are community or separate property. The exemption is not doubled where each spouse owns an interest in the motor vehicle.* Likewise, the maximum exemption allowed under Section 704.040 for jewelry, heirlooms, and works of art is $2,500 for the marital unit.

Former subdivision (b) of Section 703.-110 is deleted and its substance is continued in new Section 703.115. See the Comment to Section 703.115. [16 Cal.L. Rev.Comm.Reports 2175 (1982); 83 S.J. 3032]. (Emphasis added).

Cal.C.C.P.Ann. § 703.110 (West Supp. 1987)

The Legislative Committee Comment elaborates on the California exemption scheme and clearly indicates that with reference to the exemption provided under C.C.P. § 704.010 as to motor vehicles, the maximum exemption for motor vehicles allowed the marital unit as an aggregate equity of $1,200 in motor vehicles. The Committee Comment is equally clear when it states that, "[t]he exemption is not doubled where each spouse owns an interest in the motor vehicle." Legislative Committee Comment—Senate 1983 Amendment, supra.

The debtors maintain that although they have filed a joint bankruptcy, they are in fact two separate debtors. In support of this position, thedebtors cite *In re Arnold,* 33 B.R. 765 (Bankr.E.D.N.Y.1983), and *In re Howard,* 6 B.R. 220 (Bankr.S.D.Ohio 1980). Needless to say, this court gives no weight whatsoever to bankruptcy court decisions which discuss the New York State and Ohio State exemptions, respectively.

Finally, the plain meaning of C.C.P. § 704.010 supports the trustee's contention that C.C.P. § 704.010 entitles the debtors in a joint petition to exempt the aggregate equity of $1,200 in all motor vehicles.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the debtors is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.