**In re Howard M. ELSTER, Julianne C. Elster, Debtors.**

**Bankruptcy No. SA 87–06251 JR.**

United States Bankruptcy Court, C.D. California.

March 28, 1988.

---

Marc R. Tow, Newport Beach, Cal., for debtors.

John P. Stodd, Stodd and Barnett, Santa Ana, Cal., trustee.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The issue before me is whether there is a limitation on the number of IRA accounts a married couple filing a joint petition may claim as exempt.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF FACTS

Howard and Julianne Elster ("Debtors") filed their joint petition under Chapter 7 of the Bankruptcy Code on October 22, 1987. In their petition Howard Elster claimed $3,000 in an Individual Retirement Account ("IRA") as exempt and Julianne Elster claimed $4,000 in an IRA as exempt. Both of these exemptions were claimed pursuant to Cal.Civ.Proc. Code § 704.115(a)(1), (2).

On December 9, 1987, Mr. John P. Stodd, the Chapter 7 trustee ("Trustee"), filed an objection to Debtors' claimed exemptions on the grounds that the Debtors are not entitled to exempt their IRAs and even if they are, they are limited to a single set of exemptions. The hearing on the objection was scheduled for February 2, 1988.

On January 26, 1988, Debtors filed an amended schedule listing both IRAs under a single exemption for an aggregate amount of $7,000. The amended schedules listed Cal.Civ.Proc. Code § 704.115(a)(3) as the applicable statutory provision.

At the hearing, I found that Cal.Civ.Proc. Code § 704.115(a)(3) allowed Debtors to claim an IRA exemption. *In re Vigghiany*, 74 B.R. 61 (S.D.Cal.1987). I took the matter, however, under submission to determine if Debtors could exempt both IRA accounts.

## DISCUSSION

Trustee argues that *In re Baldwin*, 70 B.R. 612, 613 (9th Cir. BAP 1987) limits Debtors to one set of exemptions. In *Baldwin*, the married couple claimed a separate set of exemptions for each spouse under Cal.Civ.Proc. Code § 703.140(b). The Bankruptcy Appellate Panel affirmed the bankruptcy court's ruling that a married couple was restricted to one set of exemptions.

The trustee in *Baldwin* argued, and the court agreed, that Cal.Civ.Proc. Code § 703.110 modified § 703.140 to limit the exemptions available to a married couple to one set. This same reasoning should apply to exemptions previously provided by California before the enactment of § 703.140, including § 704.115.

Even though *Baldwin* applies, Debtors are not adversely affected. Debtors are not "stacking" their exemptions. The

IRAs are covered by a single exemption under § 704.115. Section 704.115(a)(3) provides that an exemption applies for "Self-employment retirement plans and individual retirement annuities or accounts ... to the extent their accounts hold in the plans, annuities, or accounts do not exceed the maximum amounts exempt for federal income taxation under that code."

Section 704.115(a)(3), however, does not grant an open-ended exemption. Section 704.115(e) provides the following limitation: ... the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires.

The only limitation then to asserting an exemption for IRAs is necessity. Trustee does not contest the need issue.

I see no inconsistency between *Baldwin, supra,* and what Debtors are doing. Section 704.115(a)(3) and (e) do not limit the number of IRAs. Matter of fact, the language in § 704.115(a)(3) says "individual retirement annuities or accounts". The plural form is used. It is clear multiple IRAs were anticipated. No distinction between either spouse's IRAs was made.

*Baldwin, supra,* says only one set of exemptions may be claimed by a married couple. The amended schedules of Debtors' show they are claiming only one set of exemptions and that set encompasses an unlimited number of IRAs. So long as the aggregate amount covered by these IRAs does not exceed what Debtors need to support their retirement, no one should object.

An analogous situation exists if a married couple filing bankruptcy has two homes that they use as residences. Under § 703.140(b)(1), they could exempt up to $7,500 of equity in the two houses. The exemption would not be limited to a single residence. Likewise, exemption of IRAs should not be limited to the IRAs of one spouse to the exclusion of the other.

Accordingly, the claimed exemptions of the Debtors for their IRAs is approved. I believe my decision is consistent with *Baldwin, supra,* and its rule a married couple be limited to one set of exemptions.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.

### ORDER ALLOWING EXEMPTIONS

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion this date, it is

ORDERED that debtors are allowed their exemptions for their Individual Retirement Accounts.