**In re Marla J. RABIN, fdba Nosh Productions, Inc.**

**and**

**Nanoshka C. Johnson, fdba Nosh Productions, Inc., Debtors.**

**No. 05–32572 TCLS.**

United States Bankruptcy Court, N.D. California.

Dec. 21, 2005.

Stephanie Morris, Law Offices of Stephanie Morris, San Francisco, CA, for Debtors.

E. Lynn Schoenmann, San Francisco, CA, trustee.

Reidun Stromsheim, Elizabeth Murphy, Law Offices of Stromsheim and Associates, San Francisco, CA, for trustee.

## OPINION

THOMAS E. CARLSON, Bankruptcy Judge.

This proceeding involves an unsettled question of California law. Are registered domestic partners, like married persons, limited to a single homestead exemption? I conclude that they are.

FACTS

In 1995, Debtors purchased a home together in San Francisco (the Property). On the date Debtors filed their current bankruptcy cases, they resided in the Property as their homestead. In 2000, Debtors registered as domestic partners with the California Secretary of State.

On September 22, 2003, the California Legislature enacted the "California Domestic Partner Rights and Responsibilities Act of 2003" (the Domestic Partners Act).

On August 11, 2005 Debtors filed separate chapter 7 cases. Each Debtor scheduled a 50% interest in the Property, and each claimed a separate $75,000 homestead exemption in the Property.

The chapter 7 Trustee sold the Property, distributed $37,500 to each Debtor on account of their claimed exemptions, and filed an objection to Debtors' remaining exemption claims.[1]

DISCUSSION

Under California law, spouses who own and reside in a homestead are entitled in bankruptcy to a single homestead exemption. Cal.Code Civ. Proc. §§ 703.110, 704.710(b),(c), 704.730(a)(2). This is so regardless of whether both spouses file bankruptcy, and regardless of whether the spouses file joint or separate bankruptcy petitions. Cal.Code Civ. Proc. § 704.730(b); *Talmadge v. Duck (In re Talmadge)*, 832 F.2d 1120, 1123–25 (9th Cir.1987) (married debtors filing joint bankruptcy petition); *In re Nygard*, 55 B.R. 623, 626 (Bankr.E.D.Cal.1985) (dictum re married debtors filing individually). When both spouses are entitled to a homestead exemption, the exemption is apportioned between the spouses on the basis of their proportionate interests in the homestead. Cal.Code Civ. Proc. § 704.730(b).

The Domestic Partners Act expressly extends to registered domestic partners the rights and duties of spouses.

> Registered domestic partners shall have the same rights, protections, and benefits, and shall be subject to the same responsibilities, obligations, and duties under law, whether they derive from statutes, administrative regulations, court rules, government policies, common law, or any other provisions or sources of law, as are granted to and imposed upon spouses.

Cal. Fam.Code § 297.5(a). The only two ways in which registered domestic partners are still treated differently from married couples under state law concern the filing of tax returns and the treatment of earned income for state income tax purposes. Cal. Fam.Code § 297.5(e),(j),(k); *Knight v. Sup. Court*, 128 Cal.App.4th 14, 21, 30, 26 Cal.Rptr.3d 687 (2005).

---

1. Trustee contested only Debtors' entitlement to two separate $75,000 exemptions, not the $75,000 amount. It is uncontested that Debtors are the parents of a son who was born in 1999, that their son lived with them at the Property on the day Debtors filed bankruptcy, that the son owns no interest in the Property, and that Debtors therefore are entitled to a $75,000 homestead under Cal.Code Civ. Proc. § 704.730(a)(2).

The California Legislature expressly stated its intent that the Domestic Partners Act be applied broadly.

This act shall be construed liberally in order to secure to eligible couples who register as domestic partners the full range of legal rights, protections and benefits, as well as all of the responsibilities, obligations, and duties to each other, to their children, to third parties, and to the state, as the laws of California extend to and impose upon spouses.

Stats. 2003 c. 421 § 15. The California Supreme Court has interpreted the Legislature's intent to apply the Act broadly as follows.

It is clear from both the language of section 297.5 and the Legislature's explicit statements of intent that a chief goal of the Domestic Partner[s] Act is to equalize the status of registered domestic partners and married couples.

*Koebke v. Bernardo Heights Country Club,* 36 Cal.4th 824, 839, 31 Cal.Rptr.3d 565, 115 P.3d 1212 (2005).

■ Debtors argue that they are entitled to claim separate homestead exemptions, because the section requiring the sharing of a single exemption by its own terms applies only "[i]f the judgment debtor is married." Cal.Code Civ. Proc. § 703.110. Debtors note that while registered domestic partners are subject to many of the rights and responsibilities of "spouses," their relationship is not considered a "marriage." *Knight, supra,* 128 Cal.App.4th at 19–21, 26 Cal.Rptr.3d 687. This argument is unpersuasive.

That the Legislature used the word "spouse" rather than "married" to achieve its goal of giving registered domestic partners the same rights and duties as married couples does not reflect any intent to limit the broad scope of the Domestic Partners Act. The Family Code makes the terms "spouse," and "husband" and "wife," synonymous with "married persons." Cal. Fam.Code § 11. Because that statutory provision predates the Domestic Partners Act, the Legislature is presumed to have relied upon it in defining the rights and responsibilities of registered domestic partners. *See Coso Energy Developers v. County of Inyo,* 122 Cal.App.4th 1512, 1529, 19 Cal.Rptr.3d 669 (2004)("When a legislature enacts a law, it presumably has in mind prior statutes relating to the same subject matter.")

■ The relevant question is whether, in enacting the Domestic Partners Act in 2003, the California Legislature intended registered domestic partners to be subject to the same limits as married persons regarding homestead exemptions. Based on the broad language of the Domestic Partners Act and the broad statement of legislative purpose accompanying that Act, there is every reason to conclude that the Legislature did so intend. Enforcement against registered domestic partners of the single-exemption rule applicable to spouses is a straightforward reading of the command of Family Code section 297.5(a), which states that registered domestic partners "shall have the same rights, protections, and benefits, and shall be subject to the same responsibilities, obligations, and duties ... as are granted to and imposed upon spouses." Code of Civil Procedure section 703.110 should not be read to require a different result. When that section was last amended in 1983, there was no such thing as a "spouse" who was not "married." To read section 703.110 to limit the single-exemption rule to debtors who are "married" in addition to being a "spouse" is to act as if the Legislature decided in 1983 a policy question that could not have arisen at that time.