**FIRST NATIONAL BANK OF MOBILE,**
Plaintiff-Appellee,

v.

Alton A. NORRIS, et al.,
Defendants-Appellants.

No. 82–7266
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 28, 1983.

Don Conway, Mobile, Ala., for defendants-appellants.

Mary Elizabeth McFadden Rouse, Mobile, Ala., for plaintiff-appellee.

Karen A. Zokoff, Mobile, Ala., for trustee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

This case involves the amount of homestead exemption that may be claimed under Alabama law in a federal bankruptcy proceeding. The district court limited the debtors to a $2,000 exemption to be shared equally, the limitation under Alabama law at the time the debts were incurred. On appeal, the debtors assert that the trustee either had no standing to object to the $10,000 exemption they claimed or did not object properly, and in any event, that $10,-000 was the correct amount under Alabama law as it existed at the time they filed for bankruptcy. We affirm.

The argument that their claimed homestead exemption of $10,000 could not be reduced because the trustee failed to object properly is based upon 11 U.S.C.A. § 522(*l*), which provides: "Unless a party in interest objects, the property claimed as exempt [by the debtor] . . . list is exempt."[1] Although the trustee did not specifically claim that the debtors had overstated their homestead exemption, she did object to the undervaluation of the homestead property. At the end of her objections, she included a request for "such other and further relief as [the court deemed] just and proper." Thus there was an objection to the amount the creditors were to receive from the debtors' homestead. If an objection to a claimed exemption is filed, the trustee should be able to raise any arguable ground, even if it was not specifically set forth in the objection. Although we have been cited no authority to support this proposition, it seems sound to us in view of the trustee's representative position and the fact that an objection puts the debtors on notice that they must defend the claimed exemptions against any argument that may develop in the proceeding. This is especially true when the issue is legal rather than factual. Here, the bankruptcy judge knew the law as it had been decided in a prior case in his court. *See In re Browning,* 13 B.R. 6 (Bkrtcy.S.D.Ala.1981). We hold the trustee's objection to the claimed homestead exemption to be sufficient. *Cf. In re Hackett,* 13 B.R. 755, 757 (Bkrtcy.E.D.Pa.1981) ("Equitable considerations dictate that a debtor should not be allowed exemptions to which she is obviously not entitled").

The standing argument focuses on the change in Alabama law on May 19, 1980. Prior to that date, the homestead exemption was limited to $2,000, to be shared by joint debtors. On that date, it

1. 11 U.S.C.A. § 522(*l*) provides:
   The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

was increased to $5,000, which could be claimed by each debtor in a joint case. The debtors claim that only creditors who had extended credit prior to May 19, 1980 and relied on the $2,000 homestead exemption in effect before that date had standing to object to a claim for the larger amount. They argue that the trustee had only the rights of a judgment creditor on December 17, 1980, the date the bankruptcy petition was filed.[2] In objecting to the claimed exemptions, however, the trustee was not using the avoidance powers of section 544, but was acting as the "representative of the estate" under 11 U.S.C.A. § 323, with the capacity to sue and be sued.[3] As the representative of the estate, the trustee had a definite interest in whether property of the debtor's estate was allowed as exempt property. The trustee had a duty to collect the property of the estate. 11 U.S.C.A. § 704. That duty inevitably involved determining what property was exempt. Therefore, the trustee was a proper "party in interest"

**2.** 11 U.S.C.A. § 544 provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists. . . .

**3.** 11 U.S.C.A. § 323 provides:

(a) The trustee in a case under this title is the representative of the estate.
(b) The trustee in a case under this title has capacity to sue and be sued.

**4.** 11 U.S.C.A. § 522(d) provides:

The following property may be exempted under subsection (b)(1) of this section:
(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a de-

under 11 U.S.C.A. § 522(*l*) to file objections to exemptions claimed by debtors. *In re Brooks,* 12 B.R. 22 (Bkrtcy.S.D.Ohio 1981).

■ As to the proper amount for the homestead exemption, it is necessary to look at the federal bankruptcy law as it relates to and incorporates state law. The Revised Bankruptcy Act of 1978, 11 U.S.C.A. § 522(b), provides specific federal exemptions for debtors, called subsection (d) exemptions, including a homestead exemption not to exceed $7,500 for each debtor.[4] The Act allows debtors alternatively to utilize state law exemptions.[5] The subsection (d) exemptions are not available if the state law "specifically does not so authorize." 11 U.S.C.A. § 522(b)(1). On May 19, 1980, Alabama exercised this state law option and specifically disallowed the subsection (d) federal exemptions. Ala.Code § 6–10–11 (Supp.1982).[6] Thus, in Alabama, only state law exemptions (and non-subsection (d) federal exemptions) are available to a bankrupt.

pendent of a debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. . . .

**5.** 11 U.S.C.A. § 522(b) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative, (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place. . . .

**6.** Ala.Code § 6–10–11 (Supp.1982) provides:

In cases instituted under the provisions of Title 11 of the United States Code entitled "Bankruptcy," there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Alabama and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code.

The homestead exemption that debtors here could claim, therefore, is limited to that provided by Alabama law. Understanding Alabama law requires examination of two sections of the Alabama Code. Alabama Code section 6–10–1, both before and after May 19, 1980, provided that "the right of homestead or other exemption shall be governed by the law in force when the debt or demand was created. . . ." Section 6–10–2 provided a total homestead exemption of $2,000 to be shared by the debtors in a joint case. When Alabama opted out of the federal exemptions on May 19, 1980, it amended section 6–10–2 to provide a $5,000 homestead exemption which could be claimed by each debtor in a joint case. Section 6–10–1, however, providing that the homestead exemption depends upon the date the debt was created, was not amended.

Debtors' argument for the higher exemption focuses on the effect of the federal law on this state law. The Bankruptcy Act provides that the property that may be claimed exempt is that exempt under state law "that is applicable on the date of the filing of the petition." 11 U.S.C.A. § 522(b)(1). The debtors argue that this section preempts Alabama Code section 6–10–1 which provides that the date of the debt governs the applicable homestead exemption.

■ The question is then: what property was exempt under Alabama law on the date of the filing of the petition? We think the trial court properly held that Alabama law applicable on December 17, 1980, the date of the debtors' petition, *included* Alabama Code section 6–10–1, which determines exemptions according to the date debts were created. The debts involved in this case were incurred before May 19, 1980, while the homestead exemption was $2,000 to be shared by joint debtors. Section 6–10–1 would permit only $2,000 for the homestead exemption here. Nothing in section 522 suggests that the state cannot determine exemptions according to the date debts were incurred, *i.e.,* allow different amounts for the exemption fixed by the date of

debts, if that is the state law at the time the petition is filed. This same bankruptcy court had previously held that where debts were incurred before May 19, 1980, the homestead exemption was limited to $2,000, even though the bankruptcy petition was filed after the change in the law. *In re Browning,* 13 B.R. 6 (Bkrtcy.S.D.Ala.1981).

■ Neither was Section 6–10–1 of the Alabama Code amended by implication, as the debtors contend, when the homestead exemption was increased to $5,000 per debtor. The Alabama Constitution of 1901, Art. IV, § 45, requires a statute to list specifically any prior laws it is amending. Sections 6–10–2, 6–10–6, 6–10–33, 6–10–38, and 6–10–40 of the Alabama Code were specifically amended by the statute. No. 80–569, Acts 1980, p. 879, § 2. Section 6–10–1 was not. Nothing in the new statute was inconsistent with section 6–10–1. The bankruptcy court correctly concluded that the 1980 amendments are prospective, to be applied to debts incurred after May 19, 1980. This interpretation is consistent with both sections 6–10–1 and 6–10–6. The Supreme Court has held that 11 U.S.C.A. § 522(f)(2), allowing debtors to avoid liens on certain property, does not apply retroactively to debts incurred before the section was enacted. *United States v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

■ Nor does 11 U.S.C.A. § 522(m), which provides that "this section shall apply separately to each debtor in a joint case," allow separate exemptions to a husband and wife filing a joint petition in bankruptcy, preempting any contrary state law. Although section 522(m) would allow separate *federal* homestead exemptions to debtors in a joint case, the federal exemptions do not apply in Alabama. Ala.Code § 6–10–11 (Supp.1982). Because section 522(m) applies only to "this section," 11 U.S.C.A. § 522, it neither applies to Alabama exemptions nor conflicts with the Alabama provision allowing only one homestead exemption to joint debtors. Section 522(m) does not operate to give separate homestead exemptions to joint debtors under Alabama law.

As the bankruptcy court held and the district court affirmed, the debtors were limited to a total homestead exemption of $2,000.

AFFIRMED.