**In re Donald Raymond SMITH and Donnie F. Smith, d/b/a Raymond Smith Contracting Co., Debtors.**

**Bankruptcy No. 82–07062.**

United States Bankruptcy Court, N.D. Alabama.

Sept. 17, 1984.

---

Leon Garmon, Gadsden, Ala., for debtors.

Martha T. Roper, Albertville, Ala., Trustee, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction*

At the hearing held before the Court at Gadsden, Alabama, on August 31, 1983, upon an objection by the trustee to the debtors' claim of exempt property, the attorney for the debtors and the trustee were present before the Court, and upon hearing statements by both counsel, the bankruptcy judge finds as follows:

*Findings of Fact*

1. The debtors filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, on November 29, 1982.

2. The debtors claimed certain property as exempt in Schedule B-4 of the petition.

3. On July 1, 1983, the trustee filed a general objection to the debtors' claim of $10,000 homestead exemption, and asserted that only $2,000 homestead exemption should be allowed.

4. It appears to the Court that all debts for which claims were filed arose after May 19, 1980, the effective date of the amendment to *Code of Alabama 1975*, § 6–10–2.

*Conclusions of Law*

▮ Rule 4003(b) provides that the trustee may file objections to the list of property claimed as exempt by the debtor. Rule 4003(c) provides that in any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. The trustee raised the objection to the claim of exemption and she must support her objection.

The trustee has referred to claim numbers 7 and 8, but examination of these proofs of claim fails to show that the underlying debts arose before the effective date of the amendment to *Code of Alabama 1975*, § 6–10–2, May 19, 1980. For all that appears, all claims for which proofs of claim were filed are based upon debts arising after the effective date of the amendment to *Code of Alabama 1975*, § 6–10–2.

The factual situation involved herein does not raise the issue involved in *First National Bank of Mobile v. Norris*, 701 F.2d 902 (11th Cir.1983), which has been cited by the trustee. In *Norris*, all debts arose prior to the effective date of the amendment.

It appears to the Court that the trustee's objection is not supported and is not well-founded and is due to be overruled. In accordance with the foregoing, an order will be entered overruling the trustee's objection to the debtors' claim of exemption.