PER CURIAM.
 

 Lawrence Eugene and Dixie Lee Gran-ger, debtors in bankruptcy, who together own an equity in their dwelling, appeal from a determination that they are entitled to a $20,000 homestead exemption under Ore.Rev.Stat. § 23.240 instead of the $30,-000 exemption that they claim. They assert that the applicable federal statute provides a double exemption where two members of a household are bankruptcy debtors. 11 U.S.C. § 522(m). We affirm.
 

 A state may opt not to allow its residents to claim the federal exemptions set forth in 11 U.S.C. § 522(d). 11 U.S.C. § 522(b)(2)(A). A number of states have “opted out” of the federal exemption scheme. Most circuits that have addressed the issue have allowed the states considerable freedom in creating or limiting exemptions for their residents.
 
 See e.g., Giles v. Credithrift of America, Inc. (In re Pine),
 
 717 F.2d 281 (6th Cir.1983),
 
 cert. denied,
 
 — U.S. -, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984);
 
 First National Bank of Mobile v. Norris,
 
 701 F.2d 902 (11th Cir.1983);
 
 McManus v. Avco Financial Services of Louisiana, Inc. (In re McManus),
 
 681 F.2d 353 (5th Cir.1982);
 
 In re Sullivan,
 
 680
 
 *1491
 
 F.2d 1131 (7th Cir.),
 
 cert. denied,
 
 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982).
 

 Oregon specifically prohibits its residents from claiming the exemptions set forth in § 522(d). Ore.Rev.Stat. § 23.305. The current federal homestead exemption is $7,500. 11 U.S.C. § 522(d)(1). Oregon currently permits one debtor to claim a $15,-000 homestead exemption. Ore.Rev.Stat. § 23.240. However, where two or more debtors are members of the same household, Oregon permits all such debtors to claim only a $20,000 total homestead exemption. Ore.Rev.Stat. § 23.240(1). The disagreement between the parties in this case is over interpretation of 11 U.S.C. § 522(m) which at the time this action began provided “[t]his section shall apply separately with respect to each debtor in a joint case.”
 

 The only two circuits to consider whether a state must permit each debtor to claim a separate exemption when the state has opted out have reached opposite results.
 
 See Norris,
 
 701 F.2d at 905;
 
 Cheeseman v. Nachman,
 
 656 F.2d 60, 64 (4th Cir.1981). The Fourth Circuit interpreted a Virginia statute providing a homestead exemption to a householder (“householder” being defined as a person who maintains a separate household) to permit each debtor who has contributed to the maintenance of the household to be deemed a householder entitled to a separate exemption.
 
 Cheeseman,
 
 656 F.2d at 62-63. Thus, in Virginia each debtor-spouse in a joint case could claim an exemption. The Fourth Circuit based its conclusion on Virginia policy favoring liberal construction of the homestead exemption to preserve the family home and a general policy against encouraging spouses to separate in order to claim two exemptions.
 
 Id.
 
 at 63. The court stated that § 522(m) allows each debtor in a joint case to take “some exemptions, whether the amount is determined by state or federal law."
 
 Id.
 
 at 64. The court also held that state exemption schemes that did not provide exemptions for each debtor impermissibly conflict with § 522(m).
 
 Id.
 

 The Eleventh Circuit, however, upheld Alabama laws that had an even less beneficial effect on debtors than the Virginia statute in
 
 Cheeseman. Norris,
 
 701 F.2d at 905. Alabama law provided that the amount of an exemption would be governed by the law in effect at the time the debt was created, not at the time the petition was filed.
 
 Id.
 
 at 904-05. At the time the debtors incurred the debt, Alabama law provided a single $2,000 homestead exemption to be shared by both debtors in a joint case. The law in effect at the time the debtors filed their petition would have allowed each of the debtors a $5,000 exemption. The court held that § 522(b) permitted Alabama to set an effective date for exemptions that was different from the date the petition was filed, even if the latter was applicable under § 522.
 
 Id.
 
 at 905. The court also held that § 522(m) did not prevent the state from providing only a single exemption for both debtors in a joint case. Looking at the language of subsection (m), the court concluded that the subsection does not require state exemptions to apply separately to each debtor in a joint case.
 
 Id.
 

 The Eleventh Circuit’s approach appears sound for several reasons. First, this conclusion is supported by at least one commentator.
 
 Collier
 
 acknowledges that a state may provide a single homestead exemption to be shared by both debtors in a joint case. 2
 
 Collier on Bankruptcy
 
 ¶ 302.02[2] (L.King 1984). By the same token, if it sees fit, a state can grant an exemption to each debtor.
 

 Second, the language of § 522 supports the Eleventh Circuit’s conclusion. Section 522(b), which contains the opt-out provision, specifically empowers the states to authorize the exemption of property. If the state law provides only one exemption to be shared by both debtors, then separately applying'subsection (b) to each debtor, as subsection (m) requires, does not give the two debtors an additional exemption. Thus, as a matter of logic, subsection (m) does not require that states that have opted out apply their exemption schemes separately to each debtor in a joint case.
 

 
 *1492
 
 Third, notwithstanding the Fourth Circuit’s reasoning in
 
 Cheeseman,
 
 the Eleventh Circuit’s approach in
 
 Norris
 
 seems to follow more closely Congress’ intent in enacting § 522. Prior to 1978, the Bankruptcy Code did not include any federal exemptions.
 
 Cheeseman,
 
 656 F.2d at 63;
 
 Sullivan,
 
 680 F.2d at 1135-36. Any exemptions available were those provided by state law. In 1977 the House proposed federal exemptions which a debtor could choose to claim instead of applicable state exemptions. H.R.Rep. No. 595, 95th Cong. 1st Sess. 126 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 6087;
 
 see Sullivan,
 
 680 F.2d at 1135-36;
 
 Cheeseman,
 
 656 F.2d at 63.
 
 Cheeseman
 
 correctly points out that the House found that state exemptions were often outdated and inadequate to provide a fresh start.
 
 Cheeseman,
 
 656 F.2d at 63 (citing H.R.Rep. No. 595 at 126).
 
 Cheeseman
 
 even recognized that the Senate disagreed, preferring to continue to permit states to set the exemptions that would apply to their residents.
 
 Cheeseman,
 
 656 F.2d at 63 n. 11 (citing S.Rep. No. 989, 95th Cong., 2d Sess. 6 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5792).
 
 Cheeseman
 
 also recognized that the houses of Congress compromised by setting forth federal exemptions, but permitting states to opt out of the federal exemption scheme.
 
 Cheeseman,
 
 656 F.2d at 63 n. 11
 
 (citing
 
 124 Cong.Rec. 32,398 (1978)) (statement of Rep. Butler); 123 Con. Ree. 33,990 (1978) (statement of Sen. De-Concini).
 
 See also Sullivan,
 
 680 F.2d at 1135-36.
 

 Yet
 
 Cheeseman
 
 treats the opt-out provision as an insignificant alteration of the House’s exemption provisions. 656 F.2d at 63 n. 10. Because of the power that the opt-out provision gives states to completely ignore the federal exemption scheme, however, it cannot reasonably be considered insignificant. That the House’s expression of its intent does not illustrate Congress’ intent in passing § 522 was recognized by the Seventh Circuit in
 
 Sullivan,
 
 680 F.2d at 1131. Congress, by authorizing states to opt out of the federal exemption scheme, does not appear to have expressed an intent that states be required to set forth exemption schemes that provide a separate individual exemption to each debtor in a joint case.
 
 Cheeseman
 
 therefore appears to have strained the meaning of “householder” by relying primarily on the House’s expression of Congressional intent.
 

 Our conclusion is consistent with the holdings of other circuits, cited above, that a state that has opted out has considerable freedom in creating exemptions and eligibility requirements for those exemptions. We note in particular the Seventh Circuit’s decision that a scheme of exemptions enacted by Illinois did not impermissibly conflict with the Bankruptcy Code or Congress’ intent simply because the state exemptions provide “less solace to debtors” than the federal exemptions.
 
 Sullivan,
 
 680 F.2d at 1137. Similarly, the Fifth Circuit has held that Louisiana was not required to allow a debtor to exempt encumbered household goods, even though § 522(d) provides such an exemption.
 
 McManus,
 
 681 F.2d 353.
 

 We hold that a state which opts out of § 522(d) and provides its own system of exemptions is not bound by subsection (m) as to those exemptions.
 

 Affirmed.