**In re John H. LENOX and Sina A. Lenox, dba "Lenox Farms", Debtors.**

**Bankruptcy No. BK–R–84–654.**

United States Bankruptcy Court, D. Nevada.

Feb. 27, 1986.

Geoffrey Lynn Giles, Reno, Nev., for debtor.

Harper & Harper, Ltd., Reno, Nev., for Pure Gro Co.

### DECISION and ORDER

ROBERT C. JONES, Bankruptcy Judge.

Debtors filed a Motion to Avoid Lien under Bankruptcy Code § 522(f)(1), alleging that the judgment lien of Pure Gro Company impairs their homestead exemption. Pure Gro objected, and after a hearing on August 29, 1985 and further briefing by the parties, the matter was submitted to the Court for decision.

The issue before the Court is whether each debtor in a joint petition may separately claim the Nevada homestead exemption of $90,000, thus providing a married couple with a $180,000 exemption. Debtors rely principally on Code § 522(m)[1] and cases such as *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981). In *Cheeseman,* the Fourth Circuit relied partially on § 522(m) in holding that joint debtors may aggregate the Virginia homestead exemption, although Virginia had "opted out" of the federal exemption scheme of § 522(d). Pure Gro urges the Court to follow the contrary ruling of the Eleventh Circuit in *First National Bank of Mobile v. Norris,* 701 F.2d 902, 905 (11th Cir.1983). Both parties have overlooked the Ninth Circuit case of *Granger v. Watson,* 754 F.2d 1490 (9th Cir.1985) which is binding on this Court. In *Granger,* the court specifically addressed the applicability of § 522(m) to a state exemption scheme. After reviewing the authorities, the *Granger* court rejected *Cheeseman's* interpretation of § 522(m) and followed *Norris,* holding that a state which opts out of § 522(d) and provides its own system of exemptions is not bound by subsection (m) as to those exemptions. Thus, a state may validly provide that a married couple must share a single homestead exemption. *Granger* makes clear that whether each debtor in a joint case may separately claim a particular exemption is controlled solely by state law where the state has "opted out."

Nevada is one of several states that do not permit their residents to claim the federal exemptions set forth in 11 U.S.C. § 522(d). See Nev.Rev.Stat. 21.090(3). The state exemption scheme found at N.R.S. 21.090 describes property exempt from execution, and includes "the homestead as provided for by law." N.R.S. 21.-090(1)(*l* ). The homestead is defined at N.R.S. 115.010, which at the time of the filing of this bankruptcy petition provided:

1. The homestead, consisting of either a quantity of land, together with the dwell-

---

**1.** Section 522(m) in effect at the time of the filing of this petition provided: "This section shall apply separately with respect to each debtor in a joint case."

ing house thereon and its appurtenances, or a mobile home whether or not the underlying land is owned by the claimant, not exceeding $90,000 in value, to be selected by the husband and wife, or either of them, other head of a family, or other single person claiming the homestead, is not subject to forced sale on execution, . . . .

N.R.S. 115.020 further provides for the selection of the homestead and the contents of the declaration. Subsection (1) emphasizes that:

the homestead selection must be made by either the husband or wife or both of them, other head of a family, or other single person, . . . .

 Although exemptions are to be liberally construed in favor of the debtor, the Court must not depart from the statutory language nor extend the legislative grant. See *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980). The Court must ascertain and then carry out the intention of the legislature. *Id.* Here, the language of N.R.S. 115.010 et seq. is fairly clear: In the case of a married couple, *either* spouse may declare the homestead and thus bind the other spouse in that selection, or *both* spouses may join in the selection. In either case, however, there is only one homestead which may not exceed $90,000. The statute does not provide that *each* spouse may separately select a homestead of $90,000, or double that allowance for a total exemption of $180,000. The apparently contrary cases cited by the debtors here construe other states' homestead statutes whose wording is significantly different from Nevada's. See e.g. *John T. Mather Memorial Hospital of Port Jefferson, Inc. v. Pearl*, 723 F.2d 193 (2nd Cir.1983) (New York law); *Cheeseman, supra* (Virginia law).

Debtors further argue that the Court should avoid a construction that allows only one exemption per household, as this may "discourag[e] couples in financial trouble from weathering the storm together", again citing *Cheeseman*, 656 F.2d at 63. However, the *Cheeseman* court was strug-

gling with an ambiguous Virginia statute, and made its ruling in light of those ambiguities. One factor which concerned that court was that a couple might not be left with sufficient equity to allow them to retain their home. The Nevada allowance, to the contrary, is sufficiently generous to protect the homestead, even where the $90,000 allowance is shared by a married couple. The possibility that this Court's construction might serve as "an inducement to separate" goes to the wisdom of the statute, and is more appropriately addressed to the state legislature. Accordingly,

IT IS HEREBY ORDERED, that the objection of Pure Gro Company is SUSTAINED.