In re Michael G. **TALMADGE** and Gail L. Talmadge, Debtors.

Michael G. **TALMADGE** and Gail Talmadge, Appellants,

v.

Charles **DUCK**, Trustee/Appellee.

No. 86–2836.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1987.

Decided Nov. 17, 1987.

Miles Dresslove, Santa Rosa, Cal., for appellants.

Philip M. Arnot, Eureka, Cal., for trustee/appellee.

Before ANDERSON, FERGUSON and NOONAN, Circuit Judges.

FERGUSON, Circuit Judge:

Appellants Michael and Gail Talmadge are joint debtors who appeal the district court's reversal of a bankruptcy judge's ruling in their favor. Appellants argue that when a joint bankruptcy petition is filed, California exemptions must apply separately to each spouse so that the maximum dollar amount allowed by the statute can be doubled. Appellee Charles Duck is the appointed trustee who objected to the Talmadges' claim of exemptions contained in the appellants' joint bankruptcy petition. He argues that appellants had exceeded the maximum dollar amount available under California law because a married couple is limited to a single set of exemptions. The bankruptcy court held that the California exemption statutes are unconstitutional

as applied to married debtors and that appellants had not exhausted the available dollar limit. The district court reversed on the ground that married debtors are not denied the equal protection of the law by the California exemption statutes which limit them to a single set of exemptions. We affirm the district court.

## I.

On April 1, 1985, plaintiffs Michael and Gail Talmadge ("Debtors"), who are husband and wife, filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code. Mr. and Mrs. Talmadge each claimed a full set of exemptions, thereby "doubling up" their exemptions under the applicable California statute. Cal.Civ.Proc. Code § 703.140. Defendant Charles Duck ("Trustee") filed a timely objection to the Debtors' Schedule B–4 claim of exemptions. The Trustee alleges that the Debtors exceeded the dollar amount available to them under subsection 703.140(b)(5) in that section 703.110, Cal.Civ.Proc.Code, entitled the Debtors, as a marital unit, to only one exemption under each subsection of section 703.140. The Debtors counter that the code sections relied upon by the Trustee are unconstitutional. More specifically, the Debtors argue that when a joint bankruptcy petition is filed, the Constitution requires that the California exemptions apply separately to each spouse. The doubling up of exemptions would enable the Debtors to include within the monetary limits all of the property claimed exempt.

The matter was heard by the bankruptcy judge, on October 23, 1985. The court ruled that the California code sections upon which the Trustee relied could not survive a constitutional attack because certain subsections (1) contain vague and ambiguous language in violation of the fourteenth amendment's due process clause, (2) arbitrarily discriminate against married couples in violation of the fourteenth amendment's equal protection clause, and (3) conflict with federal law and, therefore, violate the Supremacy Clause of Article VI of the Constitution.

The Trustee appealed to the United States District Court. The appeal was referred to the United States Bankruptcy Appellate Panels ("BAP") of the Ninth Circuit pursuant to 28 U.S.C. § 158. Both parties timely objected to having this appeal heard by a BAP and the matter was returned to the district court. On September 16, 1986, the district judge reversed the order of the bankruptcy court on the ground that there was no denial of equal protection to married couples. The court dismissed Debtors' other arguments as "unpersuasive" and ordered the bankruptcy judgment vacated and remanded with instructions to sustain the Trustee's objections to the Debtors' claim of exemptions. It is from the order of the district court that this appeal has been taken. This court has jurisdiction under 28 U.S.C. § 1291.

## II.

Title 11 U.S.C. § 522(b)(1) allows a debtor to exempt from property of a bankrupt estate the property listed in 11 U.S.C. § 522(d) *unless* state law prohibits a debtor from selecting those federal exemptions. Prior to 1984, married California debtors who filed jointly had a choice between section 522(d) exemptions or available state exemptions. If they chose the federal exemption scheme, each spouse had the right to claim a separate set of exemptions pursuant to 11 U.S.C. § 522(m), which states:

Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.

In 1984 the California legislature elected to take advantage of section 522(b)(1)'s "opt out" provision when it enacted Civil Procedure Code sections 703.130 and 703.-140. Section 703.130 states California's intention to opt out:

Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

Section 703.140 provides debtors with eleven subsections detailing the specific exemp-

tions and the maximum dollar amount available under each subsection. This section allows debtors to choose these enumerated exemptions or to choose other existing state law exemptions.

Section 703.140 is modeled on 11 U.S.C. § 522. However, unlike the guarantee in subsection 522(m), section 703.140 does not provide that joint debtors may each claim their own exemptions; it is silent as to whether a married couple is limited to a single set of exemptions. The only affirmative limitation of this kind is found in section 703.110, enacted prior to both sections 703.130 and 703.140, which provides:

> Where the property exempt under a particular exemption is limited to a specified maximum dollar amount, unless the exemption provision specifically provides otherwise, the two spouses together are entitled to one exemption limited to the specified maximum dollar amount....

The primary issues in this case are whether California has in fact, via section 703.110, limited married debtors to a single set of exemptions, and if it has, whether the scheme adopted is constitutionally valid. We review the district court's conclusions of law de novo. *See Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

### III.

Debtors argue that the California exemption statutes do not provide married debtors with adequate notice that they may claim only one set of exemptions between them. Debtors contend that where the statutes refer to single and married debtors, the language is vague and inconsistent, in violation of their due process rights. More precisely, Debtors argue that since section 703.140 does not contain its own prohibition against each member of a married couple claiming a set of exemptions it is inconsistent with—and independent from—the limitation in section 703.110.

The relevant provisions are reproduced below, and the allegedly contradictory language is underscored. Section 703.110 provides in pertinent part:

> Where the property exempt under a particular exemption is limited to a specified

maximum dollar amount, unless the exemption provision specifically provides otherwise, *the two spouses together are entitled to one exemption limited to the specified maximum dollar amount* whether one or both of the spouses are *judgment debtors* under the judgment and whether the property sought to be applied to the satisfaction of the judgment is separate or community.

Section 703.140(a)(1) provides:

> If a husband and wife are joined in the petition, they *jointly may elect* to utilize the applicable exemption provisions of this chapter other than the provisions of subdivision (b), or to utilize the applicable exemptions set forth in subdivision (b), but not both.

Section 703.140(b)(5) states:

> (b) The following exemptions may be elected ...:
>
> ....
>
> (5) The *debtor's aggregate interest*, not to exceed in value four hundred dollars ($400) plus any unused amount of the exemption provided under paragraph (i), in any property.

It should be noted that a review of section 703.140's legislative history does not resolve the question of whether joint debtors may take one or two exemptions between them. *See, e.g., In re Baldwin*, 70 B.R. 612, 615 (Bankr. 9th Cir.1987). The straightforward language contained in section 703.110 ("the two spouses together are entitled to one exemption"), nevertheless, seems to be uncompromising and subject to no ambiguity. Debtors argue, however, that the phrase "jointly may elect" in section 703.140(a)(1) is vague because it does not specifically detail whether a husband and wife must elect to use the exemption as a single unit or whether the husband and wife may each individually elect to use the exemptions listed in section 703.140(b).

California law favors statutory interpretation that gives "significance to every word, phrase, sentence and part of an act...." *Matter of Borba*, 736 F.2d 1317, 1320 (9th Cir.1984). This remains the preferred rule of statutory construction when

confronted with potentially conflicting statutes. *Santa Barbara Fed'n of Teachers Local 1081 v. Santa Barbara High School Dist.,* 76 Cal.App.3d 223, 236, 142 Cal.Rptr. 749 (1977). Thus contrary to the Debtors' position, section 703.110 should be read to clarify any ambiguity there might be in the phrase "jointly may elect."

■ The ordinary meaning of "jointly may elect" seems to be simply that husband and wife must come to an agreement on whether or not to choose the exemptions listed in subsection 703.140(b). There would have to be agreement between the husband and wife because section 703.110 specifically limits the two spouses to *one* set of exemptions. Any other reading would make section 703.110 a nullity. Moreover, the Senate Legislative Committee Comment to the underscored language in section 703.110 explains that "[t]his new sentence makes clear how the exemption *scheme* works with respect to married persons." (Emphasis added). The general language in section 703.110, therefore, was intended to modify all of California's exemption statutes which do not specifically express a contrary intent.[1]

■ In addition, Debtors contend that the reference to "debtor's aggregate interest" in subsection 703.140(b)(5) is used in the singular possessive, implying that each spouse in a joint petition may effectively utilize subsection 703.140(b)(5) despite the limitation in section 703.110.

This argument was made by joint debtors in *In re Baldwin,* 70 B.R. at 616. The BAP considered the bankruptcy judge's decision in the instant case, *In re Talmadge,* 55 B.R. 649 (N.D.Cal.1985), and rejected it:

The meaning of "debtor" is not defined under California law. Since Cal.Civ. Proc.Code § 703.140 is modelled upon the [Federal Bankruptcy] Code, it should be presumed that the California legislature intended the term "debtor" to retain the

meaning it had under the Code.... A *"debtor" can include the singular as well as the plural.* Section 102(7). Thus, the contention of the Debtors that the use of the singular form of the word "debtor", in and of itself, entitled them to two sets of exemptions is erroneous. *Contra, In re Talmadge* ... 55 B.R. at 651.

*Id.* at 616 (emphasis added). We agree with the BAP's conclusion.

Debtors find an additional conflict in that section 703.110 uses the term "judgment debtor" yet section 703.140(b)(5) incorporates the term "debtor's." Since a judgment debtor is not the same as a debtor, they argue that section 703.110 is limited by its own terms to judgment debtors.

This argument was also made in *In re Baldwin* and rejected by the BAP. Although the BAP acknowledged that the terms "debtor" and "judgment debtor" are not the same they were still able to construe the terms "to achieve a harmonious result." *In re Baldwin* at 616. The panel reasoned that since prior to the enactment of section 703.140 married debtors could claim only one set of exemptions, the adoption of section 703.140—essentially a mirror to section 522—without an equivalent subsection allowing married debtors to claim two sets of exemptions revealed the legislators' intent. *See* 11 U.S.C. § 522(m).

Drafters are presumed to be familiar with the provisions of related statutes when they act. Where the California legislature omits a particular provision in a related enactment, such a deliberate omission may not be ignored by a court. *In re Baldwin,* 70 B.R. at 616 (citation omitted). *Accord, In re Nygard,* 55 B.R. 623, 625–26 (Bankr.E.D.Cal.1985), *aff'd,* 71 B.R. 779 (Bankr. 9th Cir.1987) (interpreting sections 703.110 and 703.140(b) so that both debtor spouses together in a joint petition

---

1. Section 703.110 does not, for instance, modify those exemption provisions that specifically provide for separate spousal exemptions or otherwise allow greater amounts for married couples. *See, e.g.,* Cal.Civ.Proc.Code §§ 704.030 (debtor and debtor's spouse may, if separated, both claim material for repair or improvement of residences); 704.060 (debtor and debtor's spouse may be able to exempt certain personal property necessary to and used in exercise of trade, business or profession); 704.090 (if an inmate debtor is married each spouse is entitled to a separate exemption for any funds held in trust by a correctional authority).

are entitled to only one set of exemptions under either section 703.140(b) or other state exemptions). We adopt the BAP's rationale.

Since the statutes are not void for vagueness or inconsistency, there is no constitutional infirmity. Section 703.110 effectively modifies section 703.140 and provides married debtors with unambiguous notice that they will be limited to a single set of exemptions.

### IV.

Since we find that section 703.110 modifies rather than conflicts with section 703.-140, section 703.110 must be reviewed for three alleged constitutional violations: (1) equal protection (2) deprivation of a fundamental right and (3) conflict with federal law. We discuss each issue in turn.

### A.

■ Debtors argue that section 703.110 arbitrarily discriminates against married couples in that it allows only one set of exemptions to spouses filing a joint bankruptcy petition while allowing similarly situated *un* married couples to "double up" by permitting the individuals to file separate bankruptcy petitions. Debtors argue that all persons similarly circumstanced must be treated alike and that married debtors and nonmarried debtors (with common debts) are similarly circumstanced. They contend, therefore, that distinctions among debtors based on marital status violate the Fourteenth Amendment's equal protection clause.

■ The district court correctly identified the rational basis test as the appropriate standard of review since there is no suspect classification such as race or alienage at issue. The district court posited possible "reasonable" explanations the California legislature may have used in making a distinction based on marital status: [2]

> Whether this judgment arises from the fact that marriage creates a community estate (which is not the case for unmarried couples), or that the formality of a

marriage increases the certainty that a couple will remain together, the court can readily perceive a rational basis for the line drawn by the legislature.

Since the rational basis standard requires only that the legislature's distinction be reasonable, section 703.110 easily survives an equal protection challenge.

### B.

■ Debtors' second challenge to section 703.110 is an attempt to elevate the applicable standard of review to strict scrutiny by invoking a fundamental right. Debtors seem to be suggesting that just by virtue of this being an action involving property, the fundamental right to "protect, possess and retain property" has been implicated, thus requiring the higher standard of review. Alternatively, Debtors might be arguing that there has been an "unlawful deprivation" of their property, due perhaps to the lower dollar value total allowed by the state exemption scheme as compared to what the Debtors would have been able to exempt had the federal exemption codes been effective in California. Neither interpretation presents a tenable constitutional attack.

Bankruptcy is not a fundamental right. *In re Statham*, 483 F.2d 436, 437 (9th Cir.1973) (citing *United States v. Kras*, 409 U.S. 434, 435, 93 S.Ct. 631, 633, 34 L.Ed.2d 626 (1973)). Thus, the applicable standard for reviewing bankruptcy matters and related economic questions is that of rational justification. *Id.* Furthermore, "[f]ederal courts have repeatedly recognized that the state exemptions which a bankrupt may elect to claim may be more generous or less generous than federal exemptions." *In re Golden*, 789 F.2d 698, 700 (9th Cir. 1986); *see In re McManus*, 681 F.2d 353, 355–56 (5th Cir.1982); *In re Sullivan*, 680 F.2d 1131, 1137 (7th Cir.), *cert. denied*, 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). The Supreme Court has also applied the rationality test to uphold the use of marital status to trigger termination of social security benefits. *Califano v. Jobst*, 434 U.S. 47, 53–54, 98 S.Ct. 95, 99, 54

---

**2.** The legislative history is silent on this issue.

*See, In re Baldwin,* 70 B.R. at 615.

L.Ed.2d 228 (1977). As discussed *supra,* we find that there is a rational basis for the distinction made by the California legislature.

Policy considerations give additional support to a conclusion that the Debtors' fundamental rights are not implicated by the California exemption statutes. Debtors seem to ignore the nature and purpose of exemptions legislation. Exemptions apply to property that is liable for the satisfaction of a judgment. Exemption statutes *save* for the debtor certain items owned or possessed by him or her which comprise the minimum of things necessary to prevent the debtor from becoming destitute and which would otherwise be taken by creditors. The cornerstone of this policy is to assure overburdened debtors a fresh start. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Since the California legislature may permissibly decide what amount is necessary to provide its debt burdened citizens a "fresh start," it seems illogical to say that when a debtor seeks the protections of those exemption statutes that there can be an "unlawful deprivation" of that debtor's property. We agree with the district court's conclusion that Debtors' argument is unpersuasive, since there has been no violation of Debtors' fundamental rights.[3]

### C.

Debtors argue that 11 U.S.C. § 522's opt-out provision permits a state to provide a list of exemptions in lieu of the federal ones in subsection 522(d). They assert, however, that the scope of the permissible opt out is limited to subsection 522(d) and does not encompass any of the other section 522 subsections. More specifically, they assert that the opt out does not apply to the allowance of dual exemptions in subsection (m). Debtors conclude that since section 703.110 precludes California residents from applying section 703.140 exemptions separately to each spouse, that it is in direct conflict with section 522(m) and that the Supremacy Clause makes federal law prevail.

A similar Supremacy Clause argument was recently rejected by this court. In *In re Granger,* 754 F.2d 1490 (9th Cir.1985), the Ninth Circuit held that a state which opts out and provides its own exemptions is *not* bound by 11 U.S.C. § 522(m). *Id.* at 1492. Instead, states are free to both create and limit exemptions for their residents. *Id.* at 1490. The debtors in *In re Granger* challenged Oregon's exemption statutes limiting the maximum homestead exemption to $20,000 where two or more debtors are members of the same household yet permitting one debtor to claim a $15,000 homestead exemption. *Id.* at 1491. Debtors, husband and wife, argued that Oregon must permit each debtor to claim a separate exemption because a state which opts out of 11 U.S.C. § 522(*d*) cannot opt out of subsection (*m*). Oregon, like Cali-

---

**3.** Debtors state in their brief that section 703.110 "promotes the dissolution of marriage" by encouraging couples to divorce so that they can maximize their property exemption benefits. Debtors seem to be implying that their fundamental right to marriage has been infringed. The BAP in *In re Baldwin, supra,* rejected a similar argument. After acknowledging that marriage is a fundamental right, the court wrote:

> However, this does not mean that every state regulation which relates in any way to the incidents of or prerequisites for marriage must be subjected to rigorous scrutiny. *Zablocki v. Redhail,* 434 U.S. 374, 386, 98 S.Ct. 673, 681, 54 L.Ed.2d 618 (1978). Reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may be legitimately imposed. 434 U.S. 386, 98 S.Ct. 681.

*In re Baldwin,* 70 B.R. at 617. The court then analogized the case before it to the "marriage tax" which has been upheld under the rationality test in *Druker v. Commissioner of Internal Revenue,* 697 F.2d 46, 50 (2d Cir.1982), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2429, 77 L.Ed.2d 1316 (1983).

> Under the marriage tax, two wage earner married couples pay a higher rate than they would if they were single. The effect of the marriage tax on marriage is indirect; it does not prevent anyone from getting married.... Thus, it does not trigger strict scrutiny.

*In re Baldwin,* 70 B.R. at 618 (citations omitted). The BAP concluded that "[t]he loss of a second set of exemptions ... does not inhibit the right to marry any more than does the marriage tax." *Id.* This is a sound analogy.

fornia, specifically prohibits its residents from claiming the exemptions set forth in subsection 522(d).

The panel reviewed the decisions of the only two circuits to consider whether a state law could permissibly conflict with subsection 522(m). In *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981) the Fourth Circuit held that a state could *not* have an exemption scheme that conflicted with subsection 522(m). *Id.* at 64 (Virginia statute providing a single homestead exemption only to the "householder" or "head of a family" struck down). Two years later, the Eleventh Circuit reached the opposite result.[4] *First National Bank of Mobile v. Norris*, 701 F.2d 902, 905 (11th Cir.1983) (Alabama statute providing a single homestead exemption to be shared by both debtors in a joint case upheld). The Ninth Circuit specifically rejected the reasoning in *Cheeseman* and chose to follow the Eleventh Circuit for the following reasons: (1) Collier, a noted bankruptcy commentator, acknowledged a state's right to provide a single exemption to be shared by joint debtors; (2) the language of section 522 logically leads to that conclusion; (3) although Congress' intent is debatable, the interpretation in *Norris* seems to more closely follow the legislators' intent in enacting section 522; and (4) the holdings of other circuits providing that states that opt out have "considerable freedom in creating exemptions and eligibility requirements for those exemptions." 754 F.2d at 1491–92.

Debtors cite *Cheeseman* in support of their argument and assert that the relevant language in *In re Granger* is mere dicta. This position is unsupportable since the Ninth Circuit specifically considered and rejected the rationale in *Cheeseman;* consequently, as regards the Supremacy issue, *In re Granger* is dispositive.

WE AFFIRM.

---

**4.** There have also been diverging opinions among bankruptcy courts. *See, e.g., In re Lennen,* 71 B.R. 80, 83 (Bankr.N.D.Cal.1987) (conflict); *In re Baldwin,* 70 B.R. at 618 (citing *In re Granger,* no conflict); *In re Talmadge,* 55 B.R. 649, 652 (Bankr.N.D.Cal.1985) (conflict; reversed by district court and the subject of this appeal); *In re Nygard,* 55 B.R. at 625 (citing *In re Granger,* no conflict); *Eanes v. Shepherd,* 33 B.R. 984, 987 (W.D.Va.1983) (conflict). Nevertheless, *Granger* resolves the issue.