**In re Donald Nelson ROWE; Uka Yvette Rowe, Debtors.**

**Donald Nelson Rowe, Appellant,**

v.

**Ione Jackman, Chapter 7 Trustee, Appellee.**

**BAP No. NV–99–1072–BuRyK. Bankruptcy No. 97–30082.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 23, 1999.

Decided July 9, 1999.

Michael Lehners, Reno, NV, for Donald Nelson Rowe, appellants.

Terrill R. Dory, Reno, NV, for Ione Jackson, appellees.

Before BUFFORD,[1] RYAN, and KLEIN, Bankruptcy Judges.

## OPINION

BUFFORD, Bankruptcy Judge.

## I. INTRODUCTION

In this case we must decide whether the language in the Nevada homestead statute limits joint debtors, who are living apart, to a single homestead exemption, or whether joint debtors may each claim a homestead exemption in their separate homes. The bankruptcy court held that joint debtors may claim only a single homestead exemption under Nevada law. We AFFIRM.

## II. FACTS

At the time the debtors Donald and Una Rowe filed this joint petition, Donald Rowe resided at 93 North McGill Highway and Una Rowe resided at 856 Avenue C, in Ely, Nevada. Approximately one month later, the Rowes divorced and retained their respective residences.

In Schedules A and C of their joint petition, the Rowes claimed a homestead exemption in the Avenue C property. The Rowes did not include the North McGill property in their schedules at all, because the title to the property was in the name of Donald Rowe's stepdaughter.[2]

The chapter 7 trustee ("Trustee") filed an adversary action to declare Donald Rowe the beneficial owner of the North McGill property. The Bankruptcy Court found that the North McGill property was property of the estate, and that Trustee was entitled to have the property turned over to her for administration. The turnover order was contingent, however, on the disposition of Donald Rowe's motion to amend his schedules to claim a homestead exemption in the North McGill property. The bankruptcy court thereafter sustained Trustee's objection to this exemption, and Donald Rowe appeals this order.

The homestead exemption in Nevada is $125,000. The combined equity in the Avenue C property and the North McGill property is less than $125,000.

## III. ISSUE

May a married couple, filing a joint bankruptcy petition but living apart, each

---

1. Hon. Samuel L. Bufford, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Donald Rowe did, however, list the North McGill property as his street address on the cover sheet of the petition.

claim a homestead exemption in their separate residences?[3]

## IV. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear an appeal of an order sustaining Trustee's objection to a homestead exemption in the North McGill property. 28 U.S.C. § 158 (West 1998); FED.R.BANKR.P. 8001.

We will not set aside the bankruptcy court's findings of fact unless clearly erroneous. *See* FED.R.BANKR.P. 8013. We review conclusions of law and statutory construction *de novo. See In re Eashai,* 87 F.3d 1082, 1086 (9th Cir.1996); *White v. Santee (In re White),* 186 B.R. 700, 703 (9th Cir. BAP 1995). This case presents a question of law, because it involves the interpretation of a Nevada state statute and a federal statute.

## V. DISCUSSION

■ Nevada has opted out of the federal exemptions pursuant to 11 U.S.C. § 522(b). *See* NEV.REV.STAT. § 21.090(3) (1997); *see also Graziadei v. Graziadei (In re Graziadei),* 32 F.3d 1408, 1410 n. 3 (9th Cir.1994); 11 U.S.C. § 522(b) (West 1998). Nevada's homestead exemption is found in Nevada Revised Statutes §§ 21.090[4] and 115.010. These statutory sections exempt from execution and judicial process the "dwelling of the ... debtor occupied as a home for himself and family...." NEV.REV. STAT. § 21.090(1)(m). The exemption extends only to the equity of the debtor not exceeding $125,000 in value. *See id.; see also* § 115.010(2).

[3] Bankruptcy Code § 522(m) provides that exemptions may apply separately to each debtor in a joint bankruptcy

case. See 11 U.S.C. § 522(m) (West 1998). However, subsection (m) does not apply where a state has opted out of the federal exemptions. See *Granger v. Watson (In re Granger),* 754 F.2d 1490, 1492 (9th Cir. 1985).

In interpreting § 522(m), both the Ninth Circuit and the Bankruptcy Court for the District of Nevada have determined that a state may provide that a married couple must share a single homestead exemption. *See Granger,* 754 F.2d at 1492 (applying Oregon law); *In re Lenox,* 58 B.R. 104, 105 (Bankr.D.Nev.1986). Section 115.020 allows the selection of a homestead to be made by *"either* the husband or wife, *or* both of them, or the single person...."

The *Granger* court considered the language of § 522(b), which specifically allows states to opt out of the federal exemption scheme and to adopt state-law property exemptions. *See Granger,* 754 F.2d at 1491. The court held that § 522(m) does not apply if a state prefers its own exemptions and opts out of the exemptions. Therefore, the court concluded that a state may require joint debtors to share one homestead exemption and that § 522(m) does not compel states to allow separate exemptions. *See id.*

In *Lenox* the joint debtors each claimed a $90,000 homestead exemption in their common residence pursuant to § 21.090. *See id.* at 105. The court sustained an objection to the debtors' dual exemptions, on the grounds that § 21.020 clearly allows only one homestead for joint debtors. *See id.* at 106.

■ This case differs from *Lenox* in that the joint debtors here are claiming homesteads in two different residences. However, the rationale of *Lenox* applies.

---

**3.** It is questionable whether Donald Rowe may claim a homestead exemption when he failed to schedule the North McGill property, and the trustee was required to bring an adversary proceeding to recover the property for the Estate. However, because the parties have not made this an issue on appeal we do not address the issue.

**4.** Section 21.090 has been amended effective July 1, 1998. This case is governed by the pre-amended version because and Debtors filed their bankruptcy petition on January 16, 1997.

As the court in *Lenox* held, Nevada state law allows joint debtors to claim only one homestead exemption.

Furthermore, this interpretation of the Nevada statute is supported by the statute itself. Section 21.090 provides:

1. The following property is exempt from execution ...

(m) The dwelling of the judgment debtor occupied as a home for himself and family, where the amount of equity held by the judgment debtor in the home does not exceed $125,000 in value....

This statute provides only one homestead exemption for a married couple: like the Nevada court in *Lenox*, we read this language to exclude more than one homestead for a single family. *See Lenox*, 58 B.R. at 106. The Rowes here chose to claim their exemption in the Avenue C property, and thus cannot claim a homestead exemption in any other property.

It makes no difference that, combined, the two exemptions the Rowes would claim do not exceed the $125,000 allowed by Nevada state law. The Nevada state legislature did not provide for more than one homestead exemption per married couple.

It also makes no difference that the Rowes divorced after filing their joint petition. The nature and extent of exemptions is determined as of the date the petition is filed. *See Harris v. Herman (In re Herman)*, 120 B.R. 127, 130 (9th Cir. BAP 1990). Here, when the Rowes filed their joint petition, they were married. Thus they are limited to one homestead exemption.

Finally, we give no weight to the suggestion that our holding will serve as an inducement to divorce before filing a bankruptcy petition in order to claim two homestead exemptions. We agree with *Lenox* court that this argument "goes to the wisdom of the statute, and is more appropriately addressed to the state legislature." *Lenox*, 58 B.R. at 106.

Similarly, we give no weight to the claim made in oral argument that this interpretation penalizes the debtors for being married. There are many laws that give advantages to unmarried couples who are living together. For example, federal income tax law (as well as most state income tax laws) provides a single standard deduction for a married couple, but a separate standard deduction for each person who is unmarried. *See* 26 U.S.C. § 63 (West Supp.1999). On the other side, there are many laws that provide benefits to married couples that their unmarried counterparts do not enjoy. The balancing of these various legal benefits is again most appropriately addressed to the legislature.

## VI. CONCLUSION

Because the Rowes claimed a homestead exemption in the Avenue C property, Donald Rowe may not now claim a homestead exemption in the North McGill property. Therefore, we affirm the bankruptcy court's order sustaining Trustee's objection to the claimed exemption in the North McGill property.