In re LONGMORE, Ruben G., Jr. and Jean G.

No. BK–S–00–19673–LBR.

United States Bankruptcy Court, D. Nevada.

May 17, 2001.

James Kemp, Las Vegas, NV, for debtors.

Tom Grimmett, trustee.

## ORDER DENYING TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

LINDA B. RIEGLE, Bankruptcy Judge.

The Debtors, husband and wife, each claim a motor vehicle exemption in the amount of $4,500 pursuant to N.R.S. § 21.090(1)(f) in the same 1993 Ford Bronco. The Debtors' other vehicle is a 1992 Ford pickup which is over-encumbered. The Debtors' "Statement of Intention" indicates that they intend to keep the 1992 Ford pickup and continue making payments on it.[1]

The Chapter 7 Trustee objects to the exemption of the 1993 Ford Bronco on the stated grounds that exemptions may not be aggregated in the same vehicle. The Trustee argues that the Debtors' intention to retain the 1992 Ford pickup "counts as one exemption" despite it being over-encumbered, and that the Debtors may claim a second $4,500 exemption against the equity in the 1993 Ford Bronco. The Trustee requests that the $9,000 exemption claimed against the 1993 Ford Bronco "be reduced to $4,500, leaving non-exempt equity to the estate of $2,100."

The Debtors further state in their Opposition that Jean Longmore is disabled and that the 1993 Ford Bronco which they seek to exempt came equipped with certain features such as lumbar support which provide her with enhanced mobility. The Debtors argue that if they are not allowed to "stack" their exemptions in the same 1993 Ford Bronco then they should be permitted to amend their schedules in order to claim an exemption on the 1993 Ford Bronco under N.R.S. § 21.090(1)(o).

*"Stacking" of Exemptions in Same Vehicle*

 Pursuant to N.R.S. § 21.090(3) and as permitted by 11 U.S.C. § 522(b), Nevada has opted out of the federal exemption scheme. While subsection 522(m) of the Bankruptcy Code provides that exemptions may apply separately to each debtor in a joint case, a state which has opted out of the federal exemptions may provide that a married couple must share a single exemption. *In re Granger,* 754 F.2d 1490, 1492 (9th Cir.1985). For example, the language of the Nevada homestead statute limits joint debtors to a single homestead exemption.[2] *In re Rowe,* 236 B.R. 11 (9th Cir. BAP 1999)(Nevada statute does not allow married joint debtors living apart to each claim a homestead exemption in their separate residences; statute provides that married couple must share single homestead exemption); *In re Lenox,* 58 B.R. 104 (Bankr.D.Nev.1986)(Nevada statute allows joint debtors to claim only one homestead exemption).

 The Nevada exemption pertaining to motor vehicles at N.R.S. 21.090(1)(f) states the following:

1. The following property is exempt from execution, except as otherwise specifically provided in this section:

. . . . .

(f) Except as otherwise provided in paragraph (o),[3] one vehicle if the judg-

---

1. The Debtors have also listed the 1992 Ford pickup on their Schedule C, "Property Claimed as Exempt" with the value of the claimed exemption as zero. The value of the exemption claimed for the 1993 Ford Bronco is listed as $9,000.

2. N.R.S. 115.020 provides for the selection of the homestead. It states that "[t]he selection must be made by either the husband or wife, or both of them, or the single person, declaring an intention in writing to claim the property as a homestead."

3. N.R.S. § 21.090(1)(o) provides for the ex-

ment debtor's equity does not exceed $4,500 or the creditor is paid an amount equal to any excess above that equity.

Unlike the Nevada homestead statute, the motor vehicle statute does not provide that a married couple must share a single exemption. The only limiting language (other than the maximum amount of the exemption) is that the debtor is precluded from exempting equity in more than one car. Nothing in the statute prevents a married couple from stacking their motor vehicle exemptions in the same vehicle. Under the Trustee's interpretation, a family owning two cars would be able to exempt a total of $9,000 ($4,500 in each vehicle) but a family owning only one vehicle would be limited to an exemption of $4,500. Such a result would be inequitable. *See In re Jones,* 134 B.R. 431, 432 (D.N.M. 1991)(same analysis).

In bankruptcy, the federal courts decide the merits of state exemptions, but the validity of a claimed state exemption is controlled by the applicable state law. *In re Goldman,* 70 F.3d 1028, 1029 (9th Cir. 1995). In interpreting a state statute, a bankruptcy court is bound by that state's rules of construction. *Id.* Under Nevada law it is well established that where the language of a statute is plain and unambiguous, "there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *Pro-Max Corp. v. Feenstra,* —— Nev. ——, 16 P.3d 1074, 1077 (2001). The plain language of the Nevada motor vehicle exemption statute, N.R.S. § 21.090(1)(f), permits each debtor to exempt up to $4,500 worth of equity in a single motor vehicle.

 This Court also rejects the Trustee's argument that "the Debtors' intention to retain the 1992 Ford pickup

counts as one exemption, even though the vehicle is over-encumbered."

In Nevada, the motor vehicle exemption, N.R.S. 21.090(1)(f), provides that the exemption applies to "one vehicle if the judgment debtor's equity does not exceed $4,500 ...." Where a vehicle is over-encumbered and thus has no equity, there is no exemptible interest. Under the plain language of N.R.S. § 21.090(1)(f), the exemption of "one vehicle if the judgment debtor's equity does not exceed $4,500" extends to a debtor's *equity* interest in a motor vehicle rather than to the vehicle itself. *See In re McCoy,* 643 F.2d 684 (10th Cir.1981)(similarly worded statute in Oklahoma then in effect exempting "one (1) motor vehicle having an equity value not to exceed [$1,500]" extended to *equity* interest and not to vehicle itself). *Compare In re Kidd,* 101 B.R. 677 (Bankr.E.D.Okla.1987)(amended Oklahoma statute exempting "such person's *interest,* not to exceed $1,500 in value, in one motor vehicle" does not rest on existence of debtor's equity in the property; *"interest"* exists when debtor is entitled to further rights under the Bankruptcy Code such as under § 722 and thus exists even if debtor retains no equity in the property)(emphasis added).

Accordingly, the over-encumbered 1992 Ford pickup does not "count as one exemption" as urged by the Trustee.

*Exemption for Vehicle for Person With Permanent Disability*

As an alternative argument the Debtors urge this Court to permit them to amend their schedules in order to claim an exemption for the 1993 Ford Bronco under N.R.S. § 21.090(1)(*o*)(exemption for vehicle equipped or modified to provide mobility for person with permanent disability). The Debtors argue in their Opposition that

emption of "[a]ny vehicle owned by the judgment debtor for use by him or his dependent

that is equipped or modified to provide mobility for a person with a permanent disability."

the vehicle has features which provide enhanced mobility to Jean Longmore, who is disabled.

The Court need not reach this argument given its ruling that the Debtors may aggregate their exemptions in the 1993 Ford Bronco. The Court notes, however, that the Debtors failed to present sufficient evidence with respect to an exemption under N.R.S. 21.090(1)(o).[4]

Accordingly, the Trustee's Objection is denied as to the exemption claimed under N.R.S. 21.090(1)(f).

IT IS SO ORDERED.

4. The Debtors did not provide an affidavit of Jean Longmore or any other evidence which addressed whether the vehicle was equipped or modified to provide her mobility. Instead, they attached as an exhibit a nearly year-old letter from Jean Longmore's physician, dated May 25, 2000, in which the physician describes Jean's medical problems and prognosis and recommends that she continue on social security disability.